# Mary Elizabeth Hunter, Plff. in Err., *v.* John Wanamaker et al.

The rule for determining the proximate cause of an accident is that it must be the natural and probable consequence of the negligence,—such a consequence as might have been foreseen as likely to follow from the act.

(Decided January 25, 1886.)

Error to the Common Pleas, No. 4, of Philadelphia County to review a judgment for defendants in an action for damages for a personal injury.   Affirmed.

Mary Elizabeth Hunter was walking along Thirteenth street

NOTE.—The question of proximate cause was held for the jury in Pennsylvania R. Co. v. Hope, 80 Pa. 373, 21 Am. Rep. 100; Brown v. Gilmore, 92 Pa. 40; Potter v. Natural Gas Co. 183 Pa. 575, 39 Atl. 7; Thomas v. Central R. Co. 194 Pa. 511, 45 Atl. 344.   When an accident occurs from outside or extraordinary causes, not to be anticipated or foreseen by ordinary foresight, the negligence of defendant cannot be held to be the proximate cause. Jackson Twp. v. Wagner, 127 Pa. 184, 14 Am. St. Rep. 833, 17 Atl. 903; Worrilow v. Upper Chichester Twp. 149 Pa. 40, 24 Atl. 85; Schaeffer v. Jackson Twp. 150 Pa. 145, 18 L. R. A. 100, 30 Am. St. Rep. 792, 24 Atl.

towards Chestnut street, in the city of Philadelphia, after dark on the evening of January 23, 1883. She slipped and fell upon the sidewalk, striking the back of her head violently upon the edge of an iron cellar door extending part way across the sidewalk, which had been constructed for the use and benefit of property owned by John Wanamaker. One side of this door had been left open, having been propped up with a can to the height of about a foot, and plaintiff struck her head in such a way as to cause concussion of the spine. She brought this action against the owner of the property to recover damages for the injury. The court below entered a nonsuit and refused to grant a rule to take the nonsuit off.

Opinion below by THAYER, P. J.:

The plaintiff, proceeding along Thirteenth street while it was raining and freezing, slipped upon the icy pavement and fell. Her head struck against a cellar door which belonged to the defendants' store and which was slightly raised at the time of the accident. The question was whether the defendants were responsible for the injury. There was no evidence to show that the cellar door was open for an improper purpose, or that it had been raised for an unreasonable length of time, or that it

629; Kieffer v. Hummelstown, 151 Pa. 310, 17 L. R. A. 217, 24 Atl. 1060. When a township neglected to put a guard rail on a narrow bridge, and an injury resulted from a frightened horse backing a buggy over it, the negligence of the defendant was the proximate cause. Yoders v. Amwell Twp. 172 Pa. 447, 51 Am. St. Rep. 750, 33 Atl. 1017; Davis v. Snyder Twp. 196 Pa. 273, 46 Atl. 301. The negligence was held too remote in Scott v. Allegheny Valley R. Co. 172 Pa. 646, 33 Atl. 712; Roach v. Kelly, 194 Pa. 24, 75 Am. St. Rep. 685, 44 Atl. 1090; Pittsburg Southern R. Co. v. Taylor, 104 Pa. 306, 49 Am. Rep. 580; South Side Pass. R. Co. v. Trich, 117 Pa. 390, 2 Am. St. Rep. 672, 11 Atl. 627.

As to proximate cause in general, see the following editorial notes presenting the authorities on their respective subjects: In negligence cases in general, notes to Smithwick v. Hall & U. Co. 12 L. R. A. 279, Hunnewell v. Duxbury, 13 L. R. A. 733; in cases of concurrent negligence of third person, note to Jacksonville, T. & K. W. R. Co. v. Peninsular Land, Transp. & Mfg. Co. 17 L. R. A. 33; in case of combined negligence of master and fellow servant, note to Lutz v. Atlantic & P. R. Co. 16 L. R. A. 819; as affecting liability for injury of servant of third person, note to The Joseph B. Thomas, 46 L. R. A. 119; rule of proximate cause in case of malicious torts, note to Isham v. Dow, 45 L. R. A. 87; in case of damages by fire, note to Brown v. Brooks, 21 L. R. A. 259; proximate cause of loss in insurance cases, notes to Heuer v. Northwestern Nat. Ins. Co. 19 L. R. A. 594, and Beakes v. Phœnix Ins. Co. 26 L. R. A. 267.

was negligently maintained. The cellar door had nothing to do with the plaintiff's fall, and in no way contributed to it. Upon these two grounds, *viz.*, that there was no proof of negligence on the part of the defendants, and that the cellar door was not so connected with the plaintiff's injury as to make the defendants the responsible cause of it, nonsuit was entered. The cellar door was close to the wall of the house and of a proper and lawful character. It was such a structure as the defendants had a right to maintain, and it was not shown that the use made of it by the defendants was either unlawful or negligent; not a syllable of evidence was given upon the subject.

In determining the proximate cause of an accident, the rule is that it must be the natural and probable consequence of the negligence,—such a consequence as might have been foreseen as likely to follow from the act; and, when the facts are undisputed and the agency is manifest, it is a question for the court to decide. Hoag v. Lake Shore & M. S. R. Co. 85 Pa. 293, 27 Am. Rep. 653.

A man is answerable for the consequences of a fault only so far as the same are natural and proximate, and such as may be foreseen by ordinary forecast, and not for those consequences which arise by conjunction of his fault with other circumstances over which he had no control. Fairbanks v. Kerr, 70 Pa. 90, 10 Am. Rep. 664. "We are not," said the court in that case, "to link together as cause and effect, events having no probable connection in the mind and which could not by prudent circumspection and ordinary thoughtfulness be foreseen as likely to happen, in consequence of the act in which we are engaged. It may be true that the injury would not have occurred without the concurrence of our act with the event which immediately caused the injury, but we are not justly called to suffer for it unless the other event was the effect of our act, or was within the probable range of ordinary circumspection when engaged in the act."

A man is responsible for his act only so far as the results may be foreseen by ordinary forecast, and not for consequences which arise from the conjunction of his act with other circumstances of an extraordinary nature. Morrison v. Davis, 20 Pa. 175, 57 Am. Dec. 695.

A man is answerable for the consequences of a fault which are natural and probable. If his fault concur with something

extraordinary and not likely to be foreseen he will not be answerable. McGrew v. Stone, 53 Pa. 436.

Applying these principles to the present case, it must be obvious, in the first place, that the cellar door had nothing to do with the plaintiff's fall. She would in all probability have been equally injured if her head had struck upon the stone pavement in that locality. In the second place, the injury received by the plaintiff's striking against it in her fall was not a result which the defendants could have foreseen by any ordinary forecast, but rather the result of other and extraordinary causes which the defendants could not have foreseen, and which they had no agency whatever in producing. The accident was the result of causes over which the defendants had no control whatever, which ordinary human foresight could not have foreseen, and for the consequences of which it would be unjust to hold them responsible.

Upon both grounds, the facts being undisputed, we think the nonsuit was properly entered.

Plaintiff thereupon brought error.

*Geo. D. Morrell* and *C. Berkeley Taylor,* for plaintiff in error. —The owner of a building is answerable if he actually puts an obstruction upon a highway, for every minute it is there, and this door was open when it was raining, sleeting, and freezing. Hardy v. Keene, 52 N. H. 370.

Where corporations or persons have actively produced obstructions or excavations in highways they must guard them from the first or they are responsible. Hardy v. Keene, 52 N. H. 370; Homan v. Stanley, 66 Pa. 464, 5 Am. Rep. 389; Lower Macungie Twp. v. Markhoffer, 71 Pa. 276.

It is hard to imagine a stronger case of negligence than is shown by the maintaining upon a highway, after nightfall, of an iron obstruction 1 foot high and 4 feet wide, without warning or guard of any kind.

Even had it been possible to use that opening for any business purpose at that time of night, the cases require that travelers should be protected against it. Daniels v. Potter, 4 Car. & P. 262; Proctor v. Harris, 4 Car. & P. 337; Beatty v. Gilmore, 16 Pa. 463, 55 Am. Dec. 514; Bush v. Johnston, 23 Pa. 209; Homan v. Stanley, 66 Pa. 464, 5 Am. Rep. 389; Grier v.

Sampson, 27 Pa. 183; Simons v. Thompson, 2 W. N. C. 209; Fox v. Booth, 1 W. N. C. 177; Collins v. Harrison, 2 W. N. C. 353.

It is contended that the maintaining of a cellar door as above is such a negligent and improper use of it as to amount to a nuisance, and anyone suffering any special damage from it may recover in an action in the case or may abate it. Wood, Nuisances, 6.

Where a nuisance is maintained, an action lies for consequential injuries. Hughes v. Heiser, 1 Binn. 463, 2 Am. Dec. 459; Pittsburgh v. Scott, 1 Pa. 309–319.

Agnew, J., in Fairbanks v. Kerr, 70 Pa. 90, 10 Am. Rep. 664, said: "But when we are engaged in an act which the surrounding circumstances indicate may be dangerous to others or their interests, and when the event whose concurrence is necessary to make our act injurious is one we can readily see may occur under the circumstances, and unite with the act to inflict an injury, we are culpable if we do not take all the care which prudent circumspection would suggest to avoid the injury." See also Hoag v. Lake Shore & M. S. R. Co. 85 Pa. 293, 27 Am. Rep. 653; McGrew v. Stone, 53 Pa. 436; Morrison v. Davis, 20 Pa. 171, 57 Am. Dec. 695; Scott v. Hunter, 46 Pa. 192, 84 Am. Dec. 542.

The inducing cause of an injury is the proximate cause, although it may not be the primary one. Street v. Holyoke, 105 Mass. 83, 7 Am. Rep. 500.

Black said, in Pittsburgh v. Grier, 22 Pa. 54–66, 60 Am. Dec. 65: "A cause is not too remote to be looked to, merely because it produces the damage by means of intermediate agency."

*P. F. Rothermel, Jr.,* for defendants in error.

Per Curiam:

The opinion of the court in refusing to take off the nonsuit contains a clear and correct statement of the law, applicable to the facts, and on that opinion the judgment is affirmed.

Judgment affirmed.