INGRAHAM, J.
—The complaint alleges that the defendant is the owner and occupant of tile premises known as “ No. SO East Thirty-Fourth Street,” in the city of New York, and as such owner and occupant, had and has the care and control of the areas, a rea ways, and other appurtenances therewith connected and belonging; that on the 30th day of January, 1895, a sheet of ice partially covered the portion of the sidewalk in said East Thirty-Fourth Street, a public street or highway in front of said premises- and ran or extended from a gate or door leading from an area or areaway of said premises into and upon the said sidewalk, and across the same; that said ice was formed from water proceeding from the melting of a heap or pile of snow or ice, which had been carelessly and negligently left by the defendant or her servants in said area or areaway behind or near said gate or door, and said defendant or her said servants carelessly and negligently allowed the said water to flow or run from said snow or ice to and upon said sidewalk, and the said water freezing thereon formed the aforesaid sheet of ice; that it was the defendant’s duty to keep the said sidewalk in front of said premises in a safe and proper condition for the passage and repassage of travelers along and upon the-same; that the s.aid defendant and her servants so carelessly and negligently conducted themselves in and about the premises that the said sidewalk became and was negligently left in said dangerous and unsafe condition, although said defendant and her said servants had knowledge and due notice thereof; and that on the said 30th day of January, 1895, the plaintiff, while walking on the-said sidewalk in front of said premises, slipped and fell on the ice above mentioned and described, and was injured, for which injury he seeks to recover damages in this action. No statute or ordinance is alleged that makes it the duty of the defendant to *608 keep the sidewalk or the street in a safe condition. The act of the defendant, which it is alleged was negligent, was leaving a pile of ice and snow upon her own premises adjacent to the street and allowing water to flow or run from said snow or ice upon the sidewalk, and that the water freezing thereon caused the street to become unsafe. It is not alleged that the defendant melted the snow or ice upon her premises, or froze the water flowing from such melting snow or ice upon the street.
It is settled that no obligation to repair a street or sidewalk rests, upon the lot owners at common law, but that the duty todo so, if any, arises out of'the statutory obligations imposed by the state or municipality upon them. City of Rochester v. Campbell, 123 N. Y. 412; 34 St. Rep. 77. And, to entitle a person injured in a public highway to recover for injuries sustained because of a defect or obstruction in the highway, it is necessary to allege and prove that the obstruction which caused the injury was unlawfully placed in the street by the defendant or his servants, or that it was negligently left by him unguarded. City of Rochester v. Montgomery, 72 N. Y. 68. This principle is illustrated in the case of McGoldrick v. Railroad Co., 20 N. Y. Supp. 914. There the defendant had constructed a water tank and spout, from which its engines obtained water. The end of this spout when turned off was about four feet from the sidewalk, and water was accustomed to drip or flow therefrom upon occasions when it was used and turned off.
Directly under the end of the spout where it was turned off, and for the purpose of taking off the overflow, the defendant had put in a plank hopper, and a plank sewer extended from there southerly across the Ontario & Western Railroad to the end of the sewer, on James street. Over the top of this hopper there was placed a wire screen. There was evidence in that case tending to show that the opening of this outlet or hopper was, prior to the accident, clogged up by ice or snow, so that the surplus water did , not pass off by the sewer, but did pass onto the sidewalk, and made it dangerously icy. There was no claim that the defendant had any license from the city to use the sidewalk, and the court, in sustaining the judgment in favor of the plaintiff, says:
“The defendant claims that there is no basis for a recovery because the obstruction was upon a sidewalk, and the city, therefore, only liable. It has, however, been held that an owner of adjacent premises, who, without authority, interferes with a sidewalk for his private purposes, and fails to restore it to a safe condition, is liable to any one sustaining injury thereby. In the present case the court charged that the defendant could not be held liable except upon the theory that its failure to provide a place for the water which was allowed to escape from the pipe made the walk more dangerous than it otherwise would have been. This was sufficiently favorable to the defendant.”
Applying this principle, it is clear that the complaint is fatally defective in not alleging that the defendant had created the obstruction upon the sidewalk, or had used the sidewalk in any way for her own purposes. She had simply allowed snow or ice to re *609 main upon her premises. The effect of the sun upon this snow or ice caused it to melt, and the water subsequently froze in the street; but that was the operation of natural causes, for which the defendant was not responsible. We think that the complaint failed to allege any facts that would justify a finding that the defendant had obstructed the street, or was responsible for its dangerous condition.
The demurrer was therefore properly sustained, and the judgment must be affirmed.
All concur.