[No. 6292. Decided August 27, 1906.]

JOHN C. HAYES, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

MUNICIPAL CORPORATIONS — STREETS — NEGLIGENCE — OPEN TRAP-DOORS. A city is liable to a pedestrian for injuries sustained by a fall into an unguarded opening in the sidewalk caused by the opening of one of a pair of trapdoors, which when both open formed a barrier, although the door had been opened but a few moments, where it appears that the place was a prominent thoroughfare in constant use, and any opening was a constant menace to every person passing.

Appeal from a judgment of the superior court for King county, Hatch, J., entered December 20, 1905, upon the verdict of a jury rendered in favor of the plaintiff for personal injuries sustained through falling into an opening in a sidewalk. Affirmed.

*Scott Calhoun, Elmer E. Todd* and *F. R. Conway,* for appellant.

*McCafferty & Bell,* for respondent.

PER CURIAM.—The respondent fell into an opening in a sidewalk on one of the streets of the city of Seattle and was injured. He brought this action to recover damages for his injuries and was awarded a judgment in the sum of $755, from which the city appeals.

The opening in question was in a sidewalk on one of the principal streets of Seattle, along which a large number of people were constantly passing. It was some five feet long by four feet wide, and when not being used, was covered with iron doors laid lengthwise of the opening. These doors were hinged to the side and raised up from the middle. When open they formed a kind of barrier which guarded the main opening from the approach of pedestrians. At the time of the accident to the respondent but one of the doors was open. He approached from the opposite way and walked over the

1Reported in 86 Pac. 852.

first door and into the opening without discovering that the second had been raised up. How long the door had been open the evidence does not make very clear, but it could have been only a few moments at the longest, and it is probable that it had been open only an instant before the accident.

The city contends that it is not negligence in itself to permit an opening to be made in a sidewalk and used for the purposes for which this opening was used, and that, because it is not such negligence, it is not liable for any negligent use made of the opening unless it has knowledge, in time to correct it, of the fact that it is being negligently used; further contending that in this case there is no evidence that it had such knowledge. But we think these contentions inapplicable to the facts as shown in the record. This opening was upon a prominent thoroughfare, in constant use by pedestrians. The opening was not guarded in any way, and to open it at all was a menace to every person who happened at that time to be passing. These facts the city knew or ought to have known, and we think the court rightly held it responsible for the injury.

The judgment is affirmed.