ANNA M. SNICKLES, Respondent, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, November 15, 1909.

1. CITIES: Sidewalks: Petition: Notice. The allegations of the petition are sufficient to give the city notice of the time, place and circumstances of the injury. The prime object of the statute (R. S. 1899, sec. 5724) requiring the giving of notice is to protect the city from stale or fraudulent demands. But the statute should be construed reasonably, and if the officers of the city, with the information given in the notice, could not be misled, but could go to the place and locate the negligent defect which caused the injury, then it is sufficient.

2. ———: Sidewalks: Knowledge of Damages. Although the plaintiff knew the sidewalk was dangerous she may recover for injuries received, unless it was so glaringly dangerous that a reasonably prudent person in the same situation would have refused to encounter the danger.

3. ———: Contributory Negligence: Question for Jury. The issue of contributory negligence, in this case, is one of fact, for the jury to solve

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey*, Judge.

AFFIRMED.

*W. B. Norris* and *O. E. Shultz* for appellant.

(1) Defendant's demurrer should have been sustained for the reason that plaintiff was guilty of contributory negligence. Cowen v. Kansas City, 108 Mo. 394; Baker v. Railroad, 122 Mo. 550. (2) Defendant's demurrer should have been sustained because the evidence shows the sidewalk complained of was not defective. Fairgrieve v. Moberly, 39 Mo. App. 37; Grossenbach v. Milwaukee, 65 Wis. 31. (3) Defendant's demurrer should have been sustained because the written notice served upon the mayor did not sufficiently describe the location of the defect which caused plaintiff's

injury. Butts v. Stowe, 53 Vt. 600; Dalton v. Salem, 139 Mass. 91; Cronan v. Boston, 135 Mass. 110. (4) The trial court wrongfully invaded the province of the jury in granting plaintiff a new trial. Kenzel v. Stephens, 73 Mo. App. 16.

*Peter J. Carolus* for respondent.

(1) The demurrer was properly overruled, because it cannot be said as a matter of law that the board sidewalk in evidence was not defective. That question together with all the circumstances is for the jury. Fairgrieve v. Moberly, 39 Mo. App. 156; Schroth v. Prescott, 63 Wis. 652; Hill v. Fond du Lac, 56 Wis. 191. (2) The notice is sufficient. It stated the time and place and the character and circumstances of the injury. Reno v. St. Joseph, 169 Mo. 655. (3) That section 5724, Revised Statutes 1899, requiring plaintiff to serve notice on the city within sixty days after the injury, as a condition precedent to the right of plaintiff to institute suit, is void, as "it attempts to regulate the practice, procedure and jurisdiction of the circuit courts, and changes the method of obtaining, rendering and enforcing judgments." "It undertakes to regulate the practice in the courts of the State in cases where said city is an ordinary litigant." "It is not a matter of municipal regulation." Badgley v. St. Louis, 149 Mo. 122. (4) There is no contention that the city would be liable for mere slipperiness of a properly constructed walk, or one which was not defective, caused by rains; but respondent claims that it is the duty of the city to anticipate as a matter of common knowledge, the increased dangers of a defective walk from mud and rains. Milledge v. Kansas City, 100 Mo. 496. (5) And a greater degree of care should be exercised by the city on account of the western slope, as even slight negligence, or a slight defect in the walk added to the already dangerous slope would greatly increase the dangers thereof, which should be anticipated by the city.

Milledge v. Kansas City, supra; Fairgrieve v. Moberly, 29 Mo. App. 156.

JOHNSON, J.—This is an action to recover damages for personal injuries sustained by plaintiff from falling on a board sidewalk in St. Joseph, a city of the second class. Plaintiff alleges that her injuries were caused by the negligence of defendant. The verdict of the jury was for the defendant but the trial court sustained plaintiff's motion for a new trial on the ground that the verdict was against the weight of the evidence. Defendant appealed from the judgment awarding a new trial.

In such cases we do not interfere with the discretion exercised by the trial judge unless we find either that the petition fails to state a cause of action or that the proof adduced by the plaintiff is insufficient to raise an issue to go to the triers of fact. We do not weigh the evidence except for the purpose of determining whether that most favorable to the cause of action asserted is substantial. Defendant recognizes this rule, but contends that plaintiff has failed to make out a case for the jury and argues, first, that the notice of the injury given defendant was fatally defective for the reason that it failed to state the place of the injury with sufficient definiteness; second, that the evidence most favorable to plaintiff fails to accuse defendant of negligence and, third, that it does shows that the injury was the direct result of plaintiff's own negligence. Should we find that any of these contentions is well taken, a proper case would be presented for our interference with the action of the trial court in granting a new trial.

The evidence of plaintiff discloses the following state of facts: The injury occurred early in the morning of August 28, 1907, on Hammond street between Lookout street and Swift avenue, all public streets of the city. Hammond street runs east and west, the

other named streets north and south. Hammond street was not paved but some grading had been done on it by the city. A board sidewalk was maintained on the north side of the street. A deep gully separated the sidewalk from the roadway and there was no sidewalk on the south side of the street. The plane of the sidewalk was about four feet above that of the street. West from Lookout street to Swift avenue, Hammond street ran down a steep hill. The gully had extended under the stringers underneath the south side of the board walk and the stringers had rotted. From these two causes, the south side of the walk had sagged down to an extent to cause the walk to slope sharply to the south. Plaintiff, who was fifty-six years old, lived on the north side of Hammond street just west of Lookout street. She left her house to go to work and started westward on the sidewalk described. It had rained during the night and the walk was wet and slippery. She realized that the way was dangerous, owing to its slope in two directions and its slippery condition, and states that she walked along the edge of the property line with the greatest care. At a point between the middle of the block and Swift avenue, her feet slipped toward the south and she fell heavily to the sidewalk breaking her arm. It appears that the defect in the sidewalk of which plaintiff complains had existed long enough for the city to have known of it and to have repaired it had reasonable care been observed.

The negligence alleged in the petition is as follows:

"That on the 28th day of August, 1907, and for a long time prior thereto, Hammond street, between Lookout streets on the east and Swift avenue on the west was a public highway and thoroughfare of said city, and that on said date there was a wooden sidewalk constructed upon and along the north side of Hammond street between the points named, consisting of two stringers running lengthwise and having cross-planks

nailed thereto which were about four feet long, that at a point on said sidewalk about one hundred and ten feet east of Swift avenue said walk had become old and crooked, and uneven and out of repair, and the cross-boards had become partly rotten, and the stringers underneath said walk had become weak and bent, rotten and decayed, and the braces underneath said stringers had become removed, and the dirt underneath (of) said stringers and braces had been permitted to wash away, causing the south side of said walk to drop and tilt from a horizontal, and to be sunken, and uneven and rough, and that on account of such defects said walk was caused to slope toward the south, leaving the south line of said walk about six inches below the line of its original plane of construction, making it dangerous for persons to walk thereon, and especially so in inclement or wet weather.

"That the city of St. Joseph, at said date, and for a long time prior thereto, carelessly and negligently maintained said walk in the condition aforesaid, and carelessly and negligently permitted the same to be and remain in the aforesaid defective condition upon said street as a public sidewalk and thoroughfare; that the dangers aforesaid were greatly increased whenever rains would fall upon said walk, making it slippery and difficult to stand on, or walk upon, and that all of the foregoing facts were well known to the defendant, or could have been so known to it by the exercise of ordinary care."

The notice given the city by plaintiff states with reference to the place that the injury occurred while plaintiff was "walking along and upon the board and wooden sidewalk on the north side of Hammond street and between Lookout street on the east and Swift avenue on the west and being in the west half of said block.

"That said sidewalk was carelessly and negligently constructed upon a steep incline or hillside sloping to-

ward the west, and was so sloping and slanting that it was dangerous for persons to walk thereon, and especially so when the same became wet or damp from dew or rain; that on said day said walk was wet or damp from dew or rain, and had become old and curved, uneven and out of repair, and the stringers underneath said walk had become rotten, decayed or broken, and the dirt underneath said stringers and walk had been permitted to wash away and become removed by rains, and by the natural elements, causing said walk to be sunken, uneven and rough, and causing the same to slope from the north to the south, as well as from the east to the west, and the surface of said walk was materially changed by reason of all of which it was unsafe and dangerous to persons to walk thereon.

"That while walking westward on said sidewalk in the west half of said block on said 28th day of August, 1907, I was by and on account of sloping, slanting and defective condition aforesaid of said walk, caused to slip, to fall."

We think the description of the place of the injury sufficient. The prime object of the statute (section 5724, R. S. 1899), requiring the giving of notice in cases of this character is to protect the city against fraudulent or stale demands. The city must be informed of the time, place, and circumstances of the injury in order that from the facts stated in the notice its officers may accurately investigate the merits of the claim. If the notice were so vague and indefinite in any of the particulars made essential by the statute as to be misleading, we would not hesitate in declaring it bad. A claimant will not be permitted to thwart the intent of the statute by untruthfulness or indefiniteness when the true facts may be clearly stated. But the statute should be construed reasonably. Its design is to defeat unjust demands, not to lay pitfalls in the way of honest

claimants. The city may use it as a shield, not as a sword, and where it appears, as it does here that the officers of the city with the information given in the notice could not be misled but might go to the place and put a finger on the negligent defect that plaintiff declared caused her injury, it would be a harsh and unjust rule that would deprive plaintiff of her cause of action because she failed to state the exact spot on which her injury was received. The evidence shows that in the west half of the block (a distance of perhaps one hundred and fifty feet) the sidewalk sagged to the south because of the gully underneath and the decayed condition of the stringers. The notice informed the city that plaintiff's fall was caused by that defective condition. How could the city be misled or hampered in the investigation into the merits of the case by not being informed of the spot where plaintiff fell. Its officers could see the defective state of the sidewalk as stated in the notice; they would know that the cause of action would be bottomed on the negligence of maintaining the walk in such condition and they would be in no possible danger of preparing a defense to one state of facts and of being confronted at the trial with another.

We have examined the cases cited by defendant (Butts v. Town of Stowe, 53 Vt. 600; Dalton v. City of Salem, 139 Mass. 91; Cronan v. City of Boston, 135 Mass. 110), and find them to differ in essential facts from the case in hand, but if they did not, we would not permit them to control our decision, since a rule more harsh on the claimant than that we have declared would impress us as being too unjust for adoption into the jurisprudence of this State.

The views expressed are in harmony with prior adjudications of the Supreme Court and of this court. [Reno v. City, 169 Mo. 642; Lyons v. City, 112 Mo. App. 681; Canter v. City, 126 Mo. App. 629.]

We do not agree with defendant in its contention

139 App—13

that the evidence does not show that the injury was the direct result of defendant's negligence. Certainly it was negligence for the city to suffer the sidewalk to remain for so long a time in the condition described. It may be true that plaintiff would not have fallen but for the wet condition of the walk which rendered it slippery and that she would not have fallen had the walk been laid on a grade less steep, but it is a reasonable inference that she would have passed over the way in safety but for the pronounced slope to the south caused by the defective condition of the walk. The negligence of defendant, therefore, is presented by plaintiff's evidence as the direct and proximate cause of the injury, and it was an issue of fact to be sent to the jury.

Nor do we sanction the argument that we should declare as a matter of law that negligence of the plaintiff contributed to the production of the injury. The issue of contributory negligence was one of fact for the jury to solve. This is not a case like that considered by the Supreme Court in Cohn v. City, 108 Mo. 387, where the plaintiff deliberately or negligently chose the most dangerous of two or more convenient ways. By implication, defendant invited plaintiff to use the sidewalk in front of her home and under the circumstances before us, we think it is for the jury to say whether or not she was justified in using it. She knew the way was more dangerous than it would have been had it been kept in reasonable repair, but we cannot declare in law that it was so glaringly and imminently dangerous that a reasonably prudent person in the situation of plaintiff would have refused to encounter the danger. There was no other convenient way for her to take. To go into the street, she would have had to cross a deep gully and in so doing would have encountered a risk perhaps as great as that she faced, and because of the rain of the preceding night, it is fair

·to believe that the unpaved street was muddy and slippery and, consequently, neither a desirable nor an. entirely safe way for a woman to travel.   Clearly the case should go to the jury on the issues of defendant's negligence and plaintiff's contributory negligence, and no occasion is presented for interference with the discretion exercised by the trial court in granting a new ·trial.

The judgment is affirmed.

All concur.