[No. 10365. Department Two. September 9, 1912.]

JAMES CONNOLLY, *Respondent*, v. THE CITY OF SPOKANE, *Appellant*.[1]

MUNICIPAL CORPORATIONS—CLAIMS—NOTICE OF INJURY—STATUTORY PROVISIONS. Where a city ordinance provided that claims for personal injuries by reason of the city's negligence must be presented within thirty days, and that if the injury was caused by the existence of snow or ice or by reason of such place being out of repair, unsafe, or obstructed, the first provision relates to continuous negligence which the city could have provided against, and the latter provision refers only to temporary and quickly changing conditions; and hence thirty days is allowed for notice of an injury by reason of trapdoors being left partially open in a place where pedestrians "usually and continuously passed to and fro and over and in so passing walked continuously over and across said doors."

SAME—STREETS—INJURY TO PEDESTRIANS—TRAPDOORS. A city is liable for injuries received by a pedestrian by reason of partially open trapdoors, maintained in a sidewalk where persons were continuously passing over them, and which were either not in good repair, or which were opened without warning or guarding the place.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered November 9, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an

[1]Reported in 126 Pac. 407.

action for personal injuries sustained through stepping upon a trapdoor. Affirmed.

*A. M. Craven* and *Wm. E. Richardson*, for appellant.

*O. C. Moore* and *F. E. Langford*, for respondent.

Mount, J.—The plaintiff recovered a judgment against the city of Spokane by reason of an injury caused to him by stepping upon a trapdoor covering an open area way in the sidewalk. The city has appealed, and argues that the trial court erred in overruling a demurrer to the complaint, and in refusing to grant a nonsuit or directed verdict for the defendant. The demurrer was based upon the grounds that the plaintiff's claim against the city was not filed within the time limited by the city charter, and also that no actionable negligence against the city was averred. The complaint shows that the injury occurred on February 27, 1911, and that a claim against the city was filed on March 25, 1911. The city charter provides as follows:

"All persons having claims for damages for personal injuries or for injuries to property sustained by reason of alleged negligence or any act of the city . . . must present such claims to the council within thirty days after such injury or damage. They must be in writing and verified. . . . If any injury is alleged to have been caused by the existence of snow or ice on any street, highway, bridge, culvert, crosswalk or other public place, or by reason of any such place being out of repair, unsafe, dangerous or obstructed from any cause or in any manner, the claim for any such alleged damage or injury must be filed with the clerk within ten days after the date of such injury or damage." Charter, Spokane, art. 12, § 115.

This charter provision became effective on March 14, 1911, and the claim was filed on March 25, more than ten days thereafter. It is argued by the appellant that the action was barred because the claim was not filed within ten days after the charter provision became effective. We have held that

provisions of this kind to be valid must be fair and reasonable. *Durham v. Spokane*, 27 Wash. 615, 68 Pac. 383; *Hase v. Seattle*, 51 Wash. 174, 98 Pac. 370, 20 L. R. A. (N. S.) 938; *Wurster v. Seattle*, 51 Wash. 654, 100 Pac. 143.

If we assume, for the purpose of this case, that a ten-days' limitation is reasonable as applied to the conditions stated in the charter, it is plain that such provision should not be construed to apply to cases which do not clearly fall within the terms expressed, or be applied to cases where a doubt of the application exists; for to apply the provision to cases not clearly within the ten-days' provision would make it a snare and a trap, and therefore unfair and unreasonable. The first part of this section of the charter provides that claims for personal injuries sustained by reason of the alleged negligence of the city may be presented within thirty days. The latter part of the section provides that, if any injury is alleged to have been caused by the existence of snow or ice on any street, etc., or by reason of such place being out of repair, the claim must be filed within ten days. This latter provision refers to the temporary and quickly changing conditions of the places named, while the former provision refers to a continuous negligence which might have been foreseen. The complaint in this case, after describing the place and the iron doors covering the area way in the sidewalk, alleged that the place was one,

"where pedestrians usually and continuously passed to and fro, and in so passing walked continuously over and across said doors; that . . . through the negligence and carelessness of the defendant city said door was allowed to be and remain partially open and in an unsafe and dangerous condition, and this plaintiff then and there had occasion to pass and was passing and walking over and along that portion of said sidewalk, and while walking on and along said sidewalk, as he lawfully might and in the exercise of due care, stepped into and caught his right foot and leg in the opening caused by the out-of-repair and partially opened condition of said door," etc.

It seems plain that this allegation brought the case within the provision giving thirty days' time within which to file the claim; or, at least, does not plainly bring the case within the shorter period, and therefore the action should not be held to be barred.

The appellant next argues that the complaint does not state any actionable negligence, and also that the evidence was insufficient to show that the city had notice of the condition of the trapdoor, and for that reason the court should have directed a verdict for the defendant. The evidence showed that the trapdoors were maintained in the sidewalk where pedestrians were continually passing over the doors, which were not in good repair, for when walked upon, they were not solid. The plaintiff was unable to state just what occurred when he stepped upon one of the doors. Either it sank down with his weight, or some one beneath, without warning or guarding the place, at that moment raised the other door, which caught him and caused his injury. In either event the city was liable. In *Hayes v. Seattle*, 43 Wash. 500, 86 Pac. 852, 117 Am. St. 1062, 7 L. R. A. (N. S.) 424, which was a case substantially like this, we said, in referring to the same contentions now made:

"But we think these contentions inapplicable to the facts as shown in the record. This opening was upon a prominent thoroughfare, in constant use by pedestrians. The opening was not guarded in any way, and to open it at all was a menace to every person who happened at that time to be passing. These facts the city knew or ought to have known, and we think the court rightly held it responsible for the injury."

We find no error. The judgment is therefore affirmed.

ELLIS and FULLERTON, JJ., concur.