(169 App. Div. 551)

DE COURCEY v. R. U. DELAPENHA & CO. et al.   (No. 7790.)

(Supreme Court, Appellate Division, First Department.   November 5, 1915.)

1. MUNICIPAL CORPORATIONS ☞808—STREETS—LIABILITY OF ABUTTING OWNERS.

  The law imposes upon abutting owners or lessees no liability in damages for their failure to keep a sidewalk clean and dry, and where, in an action for injuries, there was nothing to show that any act of defendants contributed to the wet and slippery condition of the sidewalk, it

was error to charge that it was the duty of the owner, lessee, or occupant of the abutting premises to keep the sidewalk in a reasonably safe condition for the use of pedestrians.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1684–1687, 1690–1694; Dec. Dig. ☞808.]

2. MUNICIPAL CORPORATIONS ☞819—STREETS—ACTIONS FOR INJURIES—EVIDENCE. ·

In an action against the lessees of abutting premises for injuries sustained in August by slipping on a sidewalk, where there was no evidence that any act of defendants contributed to the wet and slippery condition of the sidewalk, plaintiff's case was not strengthened by the introduction of a snow and ice ordinance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. ☞819.]

Appeal from Trial Term, New York County.

Action by Irene De Courcey against R. U. Delapenha & Co. and another. From a judgment in favor of plaintiff, entered upon a verdict, and from an order denying a motion for a new trial, defendants appeal. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Edwin A. Jones and James J. Mahoney, both of New York City, for appellants.

Herman Silverman, of New York City, for respondent.

SCOTT, J. Plaintiff slipped and fell upon a sidewalk in front of certain premises in the city of New York of which defendants R. U. Delapenha & Co. were general lessees, and a firm in which appellant Mecabe was a partner was sublessee of the store and basement.

[1] It was attempted by plaintiff to prove, or rather to induce an inference, for of proof there was none, that the sidewalk had been rendered slippery by the act of the defendant Mecabe in permitting butter to melt and run on the walk. As the court correctly said in its charge, there was not a scintilla of evidence that there was any butter or any grease on the sidewalk. All that was proved was that the sidewalk was dirty, wet, and slippery; but there was nothing to show that any act of either of the defendants contributed to bringing about that condition. The court charged in plain terms that it was the duty of the owner, lessee, or occupant of premises abutting upon the sidewalk to keep the sidewalk in a reasonably safe condition for the use of pedestrians, thus leaving it open to the jury to mulct the defendants in damages for their failure to keep the sidewalk clean and dry. This was error, and imposed upon the defendants a duty which the law does not put upon them. City of Rochester v. Campbell, 123 N. Y. 405, 25 N. E. 937, 10 L. R. A. 393, 20 Am. St. Rep. 760; Brown v. Wysong, 1 App. Div. 423, 37 N. Y. Supp. 281.

[2] The plaintiff's case was made no stronger by the introduction in evidence of the snow and ice ordinance as bearing upon an accident which happened in August.

The judgment and order appealed from are reversed, and the complaint dismissed, with costs of the action and this appeal to the appellants. All concur.