[No. 13027.  Department One.  June 23, 1916.]

RUTH K. TAYLOR et al., Appellants, v. THE CITY OF SPOKANE, Respondent.[1]

MUNICIPAL CORPORATIONS—CLAIMS—TIME FOR PRESENTATION—DEFECTS IN STREETS—"EXISTENCE" OF SNOW AND ICE. The Spokane city charter, art. 12, § 115, providing a ten-day limitation for filing notice of claims for personal injuries caused by the "existence of snow or ice" upon a sidewalk has no application to injuries sustained through the active negligence of the city in accumulating ice and large obstructing cinders on the sidewalk in washing its fire wagon.

SAME—DEFECTS IN STREETS—GOVERNMENTAL AGENCY—NOTICE. A city's exemption from liability for the negligence of its fire department as one of its governmental agents does not extend to injuries sustained through the negligent condition of a sidewalk, of which the city had constructive notice; since the negligence of the governmental agent then becomes the negligence of the city.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered April 7, 1915, upon granting a nonsuit, dismissing an action for personal injuries sustained in a fall upon a sidewalk. Reversed.

Danson, Williams & Danson (George D. Lantz, of counsel), for appellants.

H. M. Stephens, Ernest E. Sargeant, and Dale D. Drain, for respondent.

[1]Reported in 158 Pac. 478.

CHADWICK, J.—This is an action to recover for personal injuries. Appellant alleges in her complaint, that while passing along the north side of Gordon avenue, in the city of Spokane, she was thrown violently to the sidewalk, sustaining most painful injuries; that the sidewalk was alongside of a fire station; that it was the custom of the firemen to wash the fire apparatus on the sidewalk, and in freezing weather, so that ice was formed, upon which the firemen were accustomed to throw ashes and cinders of all sizes; that she was injured on the 3d day of February, 1914, but that she was unable to transact or direct or arrange any of her business affairs until March 2, 1914, when she gave the notice required by the city ordinance.

The court below sustained a challenge to the sufficiency of the evidence because notice of plaintiffs' claim had not been filed within ten days after the accident.

The city charter (art. 12, § 115) provides:

"All persons having claims for damages for personal injuries or for injuries to property sustained by reason of alleged negligence or any act of the city, or any officer, agent, servant or employee of the city, must present such claims to the council within thirty days after such injury or damage. They must be in writing and verified, and must state the time when and the place where such injury was received or happened, the cause nature and extent thereof, the amount of damage sustained, the amount for which the claimant will settle, a statement of the actual residence of the claimant by street and number at the date of presenting and filing the claim, and the actual residence of such claimant for six months immediately prior to the time such claim for damages accrued.

"If an injury is alleged to have been caused by the existence of snow or ice on a street, highway, . . . crosswalk or other public place, or by reason of any such place being out of repair, unsafe, dangerous or obstructed from any cause or in any manner, the claim for any such alleged damage or injury must be filed with the clerk within ten days after the date of said injury or damage, and must state the

nature and location of the place where said alleged accident occurred.

"If the claimant is physically or mentally unable to present such claim within the time aforesaid, it may be presented and filed by some one on his behalf.

"Failure to present such claim in writing, duly verified in the form, manner and time aforesaid, shall bar any action against the city for such alleged damage or injury."

If the accident occurred in consequence of the existence of ice and snow, the claim was not filed in time. If not, it was filed within the thirty days, and is, therefore, in time.

Without discussing the many cases cited and relied on by the parties, and coming at once to the real issue, we are not inclined to hold that the ten-day limit applies under the facts of this case. The reason for that clause or proviso in the charter is so obviously apparent, and the consequence of its application—that is to deprive a party of a right of action—is so severe, that it should not be held to apply where the reason of the rule fails. It was so provided that the city might be informed of and take account of temporary and transient conditions.

"The manifest purpose of the charter was to afford the city an early opportunity to examine the locality where the accident occurred, to ascertain the nature of the alleged defect in the street or sidewalk, and learn, as far as known, the character and extent of the injuries sustained by the claimant, so that it may avoid litigation and costs by settling the claim, if meritorious; or, on the other hand, if on investigation the claim appeared to be without merit, then to afford the city an opportunity for preparing its defense and procuring evidence while the same may be obtained." *Pierce v. Spokane*, 59 Wash. 615, 110 Pac. 537.

Its purpose in fixing a ten-day limit for filing claims was to cover cases of passive negligence. The negligence alleged in the instant case was active and of long duration as to the unnatural formation of the ice, and the cinders which were placed thereon. The proofs show that it had been the custom of the city's agents to wash the fire wagon at the

point in question and to throw large cinders upon the ice. It was testified that the wagons were washed after each fire; that there had been ice at the point in question off and on all winter; that it had been the practice to throw cinders on the sidewalk; that the cinders were not sifted, and large chunks were used which were broken up somewhat with a shovel; that the sidewalk was so covered with ice and cinders on the day of the accident.

The accumulation of ice as the result of the acts of the firemen and the obstructing cinders—if the jury should find that they were obstructions as is alleged—bring the case within the authority of *City of Muncie v. Hey*, 164 Ind. 570, 74 N. E. 250. Admitting that the city was not liable for the mere accumulation of ice and snow upon the sidewalk, the court there held that an inquiry into the collateral circumstances was still open. The city had negligently permitted a water spout to discharge upon a much used sidewalk on one of the principal streets of the city. An accumulation of ice had formed, making a dangerous obstruction which had continued for about five days. The court said:

"The accumulation of water and ice in the manner shown in this case, so as to obstruct the free and safe use of the sidewalk, constituted a nuisance which it was the duty of the city to prevent or abate, and if it negligently failed to perform this duty, as charged, it ought to be and will be held liable for the natural consequences."

The doctrine of concurring cause is recognized in *Smith v. Tacoma*, 51 Wash. 101, 98 Pac. 91, 21 L. R. A. (N. S.) 1018. The court there granted that a city might not be liable for an accident occurring from the mere presence of ice and snow, but found, "if other elements of actionable negligence exist, liability may arise." The facts of that case are available and will not be repeated here. See, also, *Snickles v. St. Joseph*, 139 Mo. App. 187, 122 S. W. 1122; *Smith v. Yankton*, 23 S. D. 352, 121 N. W. 848; *Lehmann*

*v. Brooklyn,* 30 App. Div. 305, 51 N. Y. Supp. 524; McQuillin, Municipal Corporations, § 2845.

The city being charged with negligence sufficient to sustain a cause of action independent of the mere presence of ice and snow, and for which it may be liable, it follows that the thirty-day limit for the presentation of claims is the controlling clause of the charter provision.

Although broad in its terms, we feel that the proper construction was placed upon the charter in *Connolly v. Spokane,* 70 Wash. 160, 126 Pac. 407, where, although the facts were different, the underlying principle was the same. The court said:

"If we assume, for the purpose of this case, that a ten-days' limitation is reasonable as applied to the conditions stated in the charter, it is plain that such provision should not be construed to apply to cases which do not clearly fall within the terms expressed, or be applied to cases where a doubt of the application exists; for to apply the provision to cases not clearly within the ten-days' provision would make it a snare and a trap, and therefore unfair and unreasonable. The first part of this section of the charter provides that claims for personal injuries sustained by reason of the alleged negligence of the city may be presented within thirty days. The latter part of the section provides that, if any injury is alleged to have been caused by the existence of snow or ice on any street, etc., or by reason of such place being out of repair the claim must be filed within ten days. This latter provision refers to the temporary and quickly changing conditions of the places named, while the former provision refers to a continuous negligence which might have been foreseen."

Respondent contends that, granting there was a negligent condition, it was due to the acts of the employees of the fire department, and, under the doctrine of governmental agency, the city would be relieved, citing *Cunningham v. Seattle,* 42 Wash. 134, 84 Pac. 641, 4 L. R. A. (N. S.) 629. We may refer to the decision cited for an answer to the argument advanced:

"The rule exempting municipalities from liability for negligence in the matter of governmental functions has one well recognized exception—that in regard to injuries sustained upon sidewalks, streets and public places."

The difficulty seems to be in not keeping in mind the rule that, when the negligent condition exists for a period of time which will hold the municipality to constructive notice, the negligence of the private individual or governmental agent, as in the case at bar, becomes that of the municipality.

Reversed, and remanded with instructions to proceed with the trial.

MORRIS, C. J., MOUNT, and ELLIS, JJ., concur.