[No. 13624.  Department One.  December 26, 1916.]

JOSEPH ZELLERS, *Appellant*, v. SEATTLE LODGE No. 92 BENEVOLENT AND PROTECTIVE ORDER OF ELKS *et al., Respondents.*[1]

MUNICIPAL CORPORATIONS—STREETS—SIDEWALKS—SNOW AND ICE— LIABILITY OF OWNERS—COMPLAINT. A complaint charging that defendant "carelessly, negligently and unlawfully" allowed snow and ice to accumulate upon its sidewalk, states only a conclusion and is insufficient, where the facts alleged show that the snow and ice accumulated in a short time through natural causes, and no ordinance was pleaded making it the duty of defendant to keep the sidewalk clear of snow and ice.

SAME—LIABILITY OF OWNER. The abutting owner owes no duty to pedestrians to keep the sidewalk free from snow and ice, in the absence of any statute or ordinance requiring him to do so.

Appeal from a judgment of the superior court for King county, Smith, J., entered May 24, 1916, upon sustaining a demurrer to the complaint, dismissing an action for personal injuries sustained in a fall upon a sidewalk. Affirmed.

*J. P. Ball* and *Wm. T. C. Ball,* for appellant.

*Geo. H. Rummens (Geo. F. Aust* and *Farrell, Kane & Stratton,* of counsel), for respondents.

[1]Reported in 161 Pac. 834.

PER CURIAM.—Action for personal injuries. It is alleged in the complaint, in substance, that the Elks Investment and Construction Company, a corporation, is the owner of a lot and building located at the southwest corner of Fourth avenue and Spring street, in the city of Seattle; that Seattle Lodge No. 92, Benevolent and Protective Order of Elks, a voluntary unincorporated association, was the lessee in possession of the premises; that Fourth avenue and Spring street are public highways and principal thoroughfares of the city, with a decided downward pitch from Fourth avenue on Spring street westward; that during the first three days of February, 1916, the city of Seattle was visited by a heavy snow storm, with thaws and freezes, which covered the streets and sidewalks of the city with snow and ice to a great depth; that defendants "carelessly, negligently and unlawfully" allowed such snow and ice to accumulate and be on the sidewalk adjoining their premises; that on February 4, 1916, plaintiff, while walking along Spring street adjoining defendants' premises, slipped on the snow and ice, fell and sustained injuries for which he demands judgment in the sum of $10,700. The court sustained a general demurrer to the complaint. Plaintiff refusing to plead further, a judgment of dismissal was entered. Plaintiff appealed.

Appellant argues that, because the complaint charged that respondents "carelessly, negligently and unlawfully" permitted the snow and ice to accumulate, the court erred in sustaining the demurrer. This presents the sole question for our determination.

It will be noticed that the facts alleged show that the snow and ice accumulated in a short time and through natural causes. There is no allegation of any facts constituting negligence at common law. *Griswold v. Camp*, 149 Wis. 399, 135 N. W. 754. Nor is there pleaded any ordinance of the city making it the duty of the abutting property owner to keep the sidewalks clear of snow and ice so accumulating, and

we have no statute imposing such duty.  The general allegation that respondents carelessly, negligently and unlawfully permitted snow and ice to accumulate is, therefore, unsupported by any specific allegation of fact.  It is a mere conclusion not following from any of the facts alleged.  The law is thus succinctly expressed in 13 R. C. L. p. 415, § 341:

"In the absence of a statutory provision to the contrary, the owner or occupant of property owes no duty to pedestrians to keep the sidewalk in front of it free from ice and snow coming thereon from natural causes, or to guard against the risk of accident by scattering ashes or using other like precautions, and will not be liable in damages to persons injured by reason of his failure to do so."

The text quoted is amply sustained in all of its breadth by the authorities.  *Hartford v. Talcott*, 48 Conn. 525, 40 Am. Rep. 189; *Kirby v. Boylston Market Ass'n*, 14 Gray (Mass.) 249, 74 Am. Dec. 682; *Dahlin v. Walsh*, 192 Mass. 163, 77 N. E. 830, 6 L. R. A. (N. S.) 615; *McGrath v. Misch*, 29 R. I. 49, 69 Atl. 8, 132 Am. St. 798; *New Castle v. Kurtz* (210 Pa. St. 183, 59 Atl. 989, 105 Am. St. 798, 69 L. R. A. 488), 1 Ann. Cas. 943, and note; *Brown v. Wysong*, 1 App. Div. 423, 37 N. Y. Supp. 281; *Hunter v. Wanamaker*, 17 W. N. C. (Pa.) 232, 2 Atl. 507; 28 Cyc. 1438.  No authority to the contrary has been cited and we know of none.

This is not a case involving an artificial turning of water onto a street which by freezing created a dangerous condition amounting to a nuisance produced through the agency of the property owner.  Nothing of the kind is alleged.  A city is, of course, as a general rule, primarily liable for negligence in the care of its streets, but even as against the city, the facts here alleged would hardly sustain the conclusion of negligence.  *Calder v. Walla Walla*, 6 Wash. 377, 33 Pac. 1054; *Taylor v. Spokane*, 91 Wash. 629, 158 Pac. 478; *Griswold v. Camp, supra.*

Even had we a statute requiring the property owner to remove from abutting sidewalks natural accumulations of

snow and ice, or had a violation of an ordinance to that effect been pleaded, there would still be grave doubt whether,
under the authorities, a neglect of that duty would of itself
create a liability against it in favor of individuals. *Hartsell
v. City of Asheville*, 164 N. C. 193, 80 S. E. 226; *Griswold
v. Camp*, *supra*. See, also, note, *Dahlin v. Walsh* (Mass.),
6 L. R. A. (N. S.) 616. We reserve the decision of that
question until we meet a case presenting it.

In any view of the matter, the complaint here failed to
state a cause of action. Judgment affirmed.