37   657
40    61

37   657
c42   738

[No. 5357.   Decided March 28, 1905.]

ANDREW J. LYNCH, *Appellant,* v. THE CITY OF NORTH YAKIMA, *Respondent.*[1]

MUNICIPAL CORPORATIONS—FIRE DEPARTMENT—INJURY TO TEAM-STER—NEGLIGENCE OF OFFICERS—GOVERNMENTAL FUNCTIONS.   A city is not liable to a teamster in its fire department for injuries sustained while training horses, by reason of the negligence of the chief of the department in representing that a vicious horse was gentle, and in failing to supply a necessary appliance for the work, since there is no liability for the improper discharge of governmental functions by city officers.

MUNICIPAL CORPORATIONS—GOVERNMENT FUNCTIONS—CONTA-GIOUS DISEASES—NEGLIGENCE OF OFFICERS.   The care of persons afflicted with contagious diseases is a governmental function, so that the city is not ordinarily liable in damages for the negligence of its officers in performing the service.

SAME—VICIOUS HORSES—NOTICE— CONTRIBUTORY NEGLIGENCE. A teamster in a fire department who for seven weeks had been handling a team of horses, is bound to know whether they are vicious, and if so, he is guilty of contributory negligence in placing himself where he might be kicked.

SAME—ACTION FOR NEGLIGENTLY EXPOSING CITY EMPLOYEE TO SMALLPOX—CONTRIBUTORY NEGLIGENCE.   In an action against a city for damages for negligently exposing an employee in the fire department to smallpox, the plaintiff is guilty of contributory negligence precluding a recovery, where it appears that he remained in the room and proceeded to fumigate the afflicted person when he might have departed, that being no part of his duty.

Appeal from a judgment of the superior court for Yakima county, Rudkin, J., entered June 22, 1903, dismissing an action for damages for injuries sustained by a member of a fire department, after sustaining a demurrer to the complaint.   Affirmed.

*Thompson & Allen* and *H. J. Snively,* for appellant, cited:   *Farley v. New York,* 152 N. Y. 222, 46 N. E. 506,

[1]Reported in 80 Pac. 79.

42-37 WASH.

57 Am. St. 511; *Rowe v. Portsmouth,* 56 N. H. 291, 22 Am. Rep. 464; *Rhobidas v. Concord,* 70 N. H. 90, 47 Atl. 82, 85 Am. St. 604, 51 L. R. A. 381; *Potter v. New Whatcom,* 20 Wash. 589, 56 Pac. 394, 72 Am. St. 135.

*Snyder & Preble,* for respondent.

Root, J.—Appellant sued respondent, a city of the third class, for damages, and in his complaint sets forth two alleged causes of action. In the first he avers that respondent employed one Hauser as chief of its fire department, who had authority to, and did, employ appellant as driver of a team of horses, which respondent furnished to draw the fire engine; that it was part of appellant's duty to drill said horses "to work to the bell"—that is, to rush from their stalls expeditiously when a fire alarm was sounded; that an "electric whip" is an inexpensive appliance commonly used for thus drilling horses, which, if used, would have made it unnecessary for appellant to be in the position where he was when hurt, as herein stated; that, in the absence of such electric whip, it was necessary for appellant to stand behind said horses and strike them with a stick, when the alarm was sounded; that, at the time of his injury, he was standing behind one of said horses preparatory to striking him when the alarm should sound, and while there he was kicked by one of said horses and very severely injured; that said Hauser had told appellant that said horses were a "good, gentle work team," and appellant relied upon said statement, never himself having observed any viciousness on the part of said animals; that he had been in charge of said team about seven weeks; that said injury was caused by the carelessness and negligence of the defendant in not supplying said electric whip, and in providing a vicious and kicking horse, and in carelessly

and negligently, through said Hauser, holding out to appellant that said horses were gentle work horses.

In his second alleged cause of action, he sets forth his employment as mentioned in the first cause of action, and alleges that he was required to be and remain at a certain building in a certain room where the fire apparatus and horses were kept, so as to be in readiness in case of a fire alarm; and that on the occasion in question, while in said room, one of the respondent's policemen brought in a man "charged with having been exposed to smallpox," and whom the said officer should have known, by the use of ordinary care, to have been so exposed; that, while in said room, said man was fumigated by this appellant, and thereupon left the room; that, by reason of said exposure, this appellant contracted the smallpox, and, before he was aware of that fact, four of his children contracted the disease from him; that appellant was thus exposed and sickened by reason of the negligence and carelessness and lack of ordinary care, on the part of respondent, in not providing, by ordinance, or otherwise, a place for persons who had been in contact with the smallpox, to be taken away and apart from other persons, and in not directing its officers and policemen to keep such exposed persons thus apart from others.

Upon the first cause of action, he claims damages in the sum of $10,225.65, and upon the second cause of action, damages in the sum of $1,000. To his complaint respondent interposed a demurrer, which was sustained as to both causes of action. Appellant elected to stand upon said complaint; whereupon the action was dismissed. From the judgment of dismissal, he appeals to this court.

We will first address ourselves to a consideration of the first cause of action alleged. It is contended by respondent that a municipal corporation is not liable for damages

occasioned by or to firemen, while engaged in the line of their duty. In the case of *Lawson v. Seattle,* 6 Wash. 184, 33 Pac. 347, this court said:

". . . it is a well known fact that the apparatus used by a fire company is not under the control of the city, but is under the special control and inspection of the fire company, and such city can, therefore, no more be held for the defective condition of the apparatus than it can for its negligent operation by the company."

In the case of *Hafford v. New Bedford,* 16 Gray 297, the supreme court of Massachusetts said:

"The members of the fire department of New Bedford, when acting in the discharge of their duties, are not servants or agents in the employment of the city, for whose conduct the city can be held liable; but they act rather as officers of the city, charged with the performance of a certain public duty or service; and no action will lie against the city for their negligence or improper conduct, while acting in the discharge of their official duty."

In the case of *Wheeler v. Cincinnati,* 19 Ohio St. 19, 2 Am. Rep. 368, the supreme court of Ohio, speaking of the authority of municipal corporations to establish fire companies, and procure engines and fire extinguishing apparatus, said:

"But the powers thus conferred are in their nature legislative and governmental; . . . and for any defect in the execution of such powers, the corporation cannot be held liable to individuals. Nor is it liable for neglect of duty on the part of fire companies, or their officers, charged with the duty of extinguishing fires. The power of the city over the subject is that of a delegated *quasi* sovereignty, which excludes responsibility to individuals for the neglect or non-feasance of an officer or agent charged with the performance of duties."

In the case of *Hayes v. Oshkosh,* 33 Wis. 314, 14 Am. Rep. 760, the supreme court of Wisconsin, discussing this subject matter, said:

"The grounds of exemption from liability, as stated in the authorities last named, are, that the corporation is engaged in the performance of a public service, in which it has no particular interest, and from which it derives no special benefit or advantage in its corporate capacity, but which it is bound to see performed in pursuance of a duty imposed by law for the general welfare of the inhabitants, or of the community. . . . They [the members of the fire department] act rather as public officers, or officers of the city charged with a public service, for whose negligence or misconduct in the discharge of the official duty no action will lie against the city, unless expressly given; and hence the maxim *respondeat superior* has no application."

In the case of *Jewett v. New Haven*, 38 Conn. 368, 386, 9 Am. Rep. 382, the supreme court of Connecticut said:

"We think, in a case like the present one, where the question is whether the principle of *respondeat superior* applies to a municipal corporation, it should distinctly appear, in order to hold them liable, that the service in which the party doing the mischief was engaged at the time was private and not public; that it was not rendered for others as acts of benevolence, while the party was laboring for their benefit, in their employment. Municipal corporations are different from those of a monied character."

It is difficult to announce a rule as to just where liability of a municipality commences or where it ceases. But it may generally be accepted that a city is not liable for an improper discharge by its officers of a purely governmental function. The duties of an officer or employee of a fire department are regarded as for the benefit of the community, and not for the mere advantage of the municipality as a corporate body. The city, possessing, as it does, a portion of the sovereignty of the state, in the exercise thereof provides and maintains a fire department. The services of this department are for the benefit of all persons who may have property in the city limits capable of in-

jury by fire. It would seem, therefore, that in creating, maintaining, and operating the fire department, the city was exercising governmental functions. This seems to have been the view entertained by the courts that have considered this subject. In the case at bar the respondent had provided, and was maintaining, a fire department. The horses, engines, and apparatus were under the charge of a fire chief. In view of these facts, and in view of the character of the employment in which appellant was engaged, it impresses us as a case where the circumstances of his injury occasion no liability upon the part of the city.

As to the second cause of action, much is applicable which has been hereinbefore said as to the first. The handling of persons sick with contagious diseases is a duty which the city performs, through its officers and agents, in the exercise of governmental functions. The benefits of such service go to the public, and not to the municipality as a corporate body. Hence, the manner in which the officers of the city perform said service cannot, ordinarily, render the municipality liable in damages. In the case of *Nicholson v. Detroit,* 129 Mich. 246, 88 N. W. 695, 56 L. R. A. 601, the supreme court of Michigan held that, where its officers engaged a man to tear down a building which had been used as a smallpox hospital, and without having adopted any measures in the way of disinfection, by reason of which the person engaged contracted the disease and died, the city was not liable for this negligence on the part of its officers. Among other things the court said:

"The true theory is that the township or city represents the state, in causing these things to be done, and like the state, it enjoys immunity from responsibility in case of injury to individuals, leaving liability for such injuries to rest upon the persons whose misconduct or negligence is the immediate cause of the damage."

In the case of *Ogg v. Lansing,* 35 Iowa 495, 14 Am. Rep. 499, the supreme court of that state held that a city was not liable for the negligence of its officers or agents in executing sanitary regulations, or in taking the care and custody of persons afflicted with contagious diseases.

In addition to the reasons assigned hereinbefore, we are inclined to think that the complaint does not state facts sufficient to constitute a cause of action, even if the city could be held as an ordinary employer, and leaving out of consideration the question of governmental functions. It appears from the complaint that appellant had been handling these horses for several weeks before the accident occurred.    He knew of the absence of the electric whip. It must be presumed that when he accepted the position of teamster he had at least an ordinary knowledge of the nature of horses.    This, with his seven weeks' experience in handling this particular team of horses, should have given him a familiarity with the character of these animals.    He was in as good a position as any one well could be to know of the dangers reasonably to be expected from them.    If with that opportunity, knowledge, and experience he could see nothing vicious or dangerous about the horses, we are unable to see how knowledge of their viciousness could be imputed to the city.    If they were vicious and he knew it, and then voluntarily placed himself where they were liable to kick him, he would be guilty of contributory negligence, which would defeat his right of recovery.

As to the other cause of action, it appears that when the smallpox patient was brought into the building, the appellant, instead of withdrawing, remained there and proceeded to fumigate the unfortunate victim.    It does not appear that this was any part of the duty which he was employed or directed to perform.    It certainly increased the likelihood of his contracting the disease.    If the city

were, in the first instance, liable because its policeman brought this afflicted man into the room where appellant was staying, it would seem clearly that the appellant, by remaining in the room and doing as he did, contributed to the cause of his misfortune. It certainly increased the likelihood of his contracting the disease, and it cannot be said that he would have taken the disease anyhow if he had not so stayed and fumigated the man.

We think that the demurrer to the complaint was properly sustained. The judgment of the lower court is affirmed.

MOUNT, C. J., DUNBAR, and CROW, JJ., concur.

HADLEY, FULLERTON. and RUDKIN, JJ., took no part.