[No. 5514. Decided March 5, 1906.]

R. CUNNINGHAM, *Respondent,* v. THE CITY OF SEATTLE, *Appellant.*[1]

MUNICIPAL CORPORATIONS—MAINTENANCE OF FIRE DEPARTMENT—NEGLIGENCE OF EMPLOYEES—LIABILITY. A city is not liable for damages caused by a horse used in its fire department, which was permitted to trespass upon plaintiff's lawn through the negligence of the firemen, since the maintenance of its fire department is the exercise of a governmental function (RUDKIN, FULLERTON, and DUNBAR, JJ., dissenting).

Appeal from a judgment of the superior court for King county, Albertson, J., entered June 23, 1904, upon findings in favor of the plaintiff after a trial on the merits before the court without a jury, in an action to recover for damages to

1Reported in 84 Pac. 641.

plaintiff's lawn, caused by a horse kept by defendant in its fire department. Reversed.

*Mitchell Gilliam* and *Hugh A. Tait,* for appellant.

*H. E. Foster,* for respondent.

## On Petition for Rehearing.

Root, J.—A petition for a rehearing was granted in this case. After reargument and a careful consideration of the question involved, the majority of the court have been unable to reach a conclusion different from that heretofore announced. *Cunningham v. Seattle,* 40 Wash. 59, 82 Pac. 143. An exhaustive examination of the authorities convinces us that there is no legal escape from that conclusion. It is sought to distinguish this case as being one of trespass and not controlled by the ordinary rule that municipalities are not holden for damages occasioned by its officers and agents in the exercise of its governmental functions. We think no such distinction is established by the authorities or sustainable on principle. To uphold such a distinction would be to entail absurd consequences. To illustrate; a fireman negligently absents himself from the city's fire engine, under his control, and for lack of attention the boiler explodes, hurling a mass of iron which damages a citizen's lot. It is admitted that the citizen cannot recover against the city. The same fireman absents himself from the engine horses under his care, and for lack of attention one escapes and tramples the citizen's lawn. The latter, under respondent's theory, is entitled to recover damages because it is a trespass. Take another illustration. A fireman purposely or accidently "turns the hose" upon a citizen's yard, and injures it without subjecting the city to damage. But if he purposely or carelessly permitted the city's fire engine horses to go into said yard, respondent says the city *would* be liable. Another—if a city's policeman while on duty should go upon the premises of a citizen and unlawfully beat him, the city would not be liable.

But if the policeman had one of the city's horses under his control, and permitted it to stray upon the citizen's lawn, it is contended that the city would be liable. Again, if the horses hauling the fire engine are negligently handled by the driver, and on account of his carelessness, run across a citizen's lawn, no liability is thereby occasioned against the city. But if the fireman's attention is drawn from the horses to the fighting of a dangerous fire or for any other purpose, and the horses in the meantime trespass upon the premises of a citizen, it is urged that the city is holden for damages.

In the absence of a statute or established judicial authority, we are not justified in recognizing such distinctions. In the discharge of governmental functions, the city exercises a portion of the state's sovereignty. "The king can do no wrong," was long ago a familiar maxim. The principle is still extant and pervades our laws except where its application has been limited by constitutions, statutes, and the customs, institutions and conditions of our people. It is a logical consequence of the conditions where it obtains. Politically and socially, what is a city? An aggregation of people. Who owns the fire engine horses? The people comprising the city. Respondent owned as great an interest in this horse as any other citizen of Seattle. Can a person maintain an action against his associates for injury done him by an animal owned jointly by him and them? Can he sue them for the result of a trespass which could not have occurred but for the neglect of the animal's keeper who was the servant of himself and them jointly? When this respondent sues the city of Seattle for the injuries occasioned by its trespassing horse, is he not prosecuting his joint owners (perhaps himself also) for damages done by his horse while running loose as a result of the neglect and carelessness of his own servant, the fireman?

It is said that the case does not depend upon the negligence of the fireman. Let us see if this argument is consistent with respondent's other contentions. He claims that

it was the duty of the city to prevent its horses from trespassing. It was necessary that this duty should be performed by some agent or servant of the city. The fireman was the agent or servant upon whom the city fixed that obligation. If he had not neglected the duty, the horse would not have escaped. His neglect was negligence. Hence, it is impossible to conceive of the horse being at large except as a result of negligence—of a breach or neglect of duty—on the part of some agent employed to care for the horse.

The rule exempting municipalities from liability for negligence in the matter of governmental functions has one well recognized exception—that in regard to injuries sustained upon sidewalks, streets and public places. Possibly there are other exceptions, but we are not advised of any covering a case like that at bar.

In *Lawson v. Seattle,* 6 Wash. 184, 33 Pac. 347, this court, through Dunbar, C. J., said:

"We believe there are no authorities which support appellant's contention that a municipal corporation is liable for the negligence of firemen engaged in the line of their duty. The authorities cited by appellant certainly do not maintain this proposition, but on the contrary most of them assert exactly the opposite proposition, viz., the rule that a municipal corporation is not liable for the negligence of firemen engaged in the line of their duty. This is so plainly the well established rule that it is scarcely necessary to discuss it. See Dillon on Municipal Corp. (4th ed.), § 976, and cases cited."

In *Russell v. Tacoma,* 8 Wash. 156, 35 Pac. 605, 40 Am. St. 895, Anders, J., speaking for the court, employed this language:

"While it is not always easy to draw the line between the public, or governmental, and private powers of municipal corporations, we think the respondent city, under the facts in this case, in improving the park, was exercising a power or franchise conferred upon it for the public good and not for private corporate advantage. And this being so, it is not liable for the acts or omissions of its officers in that behalf."

In *Sutton v. Snohomish,* 11 Wash. 24, 39 Pac. 273, 48 Am. St. 847, this court spoke as follows:

"In preserving the peace, caring for the poor, preventing the destruction of property by fire, and preserving the public health, it [the city] assumes duties which are said to be in their nature solely governmental (Jones on Negligence of Municipal Corporations, Ch. IV.), and for the non-exercise, or negligent exercise, of which the corporation is not generally liable to individual citizens."

In *Lynch v. North Yakima,* 37 Wash. 657, 80 Pac. 79, the following appears:

"It would seem, therefore, that in creating, maintaining, and operating the fire department, the city was exercising governmental functions. This seems to have been the view entertained by the courts that have considered this subject. In the case at bar the respondent had provided, and was maintaining, a fire department. The horses, engines, and apparatus were under the charge of a fire chief. In view of these facts, and in view of the character of the employment in which appellant was engaged, it impresses us as a case where the circumstances of his injury occasion no liability upon the part of the city."

In the case last cited, there was a second cause of action based upon negligence of the city officers in handling a small-pox patient. Touching that branch of the case the following language was used:

"The handling of persons sick with contagious diseases is a duty which the city performs, through its officers and agents, in the exercise of governmental functions. The benefits of such service go to the public, and not to the municipality as a corporate body. Hence, the manner in which the officers of the city perform said service cannot, ordinarily, render the municipality liable in damages."

In *Murtaugh v. St. Louis,* 44 Mo. 479, the supreme court of Missouri spoke as follows:

"Where the officer or servant of a municipal corporation is in the exercise of a power conferred upon the corporation

for its private benefit, and injury ensues from the negligence or misfeasance of such officer or servant, the corporation is liable, as in the case of private corporations or parties; but when the acts or omissions complained of were done or omitted in the exercise of a corporate franchise conferred upon the corporation for the public good, and not for private corporate advantage, then the corporation is not liable for the consequences of such acts or omissions on the part of its officers and servants."

Cooley, Torts (2d ed.), p. 739, says:

"For taking or neglecting to take strictly governmental action, municipal corporations are under no responsibility whatever except the political responsibility to their corporators and to the state. The reason is that it is inconsistent with the nature of their powers that they should be compelled to respond to individuals in damages for the manner of their exercise. They are conferred for public purposes, to be exercised within prescribed limits, at discretion, for the public good; and there can be no appeal from the judgment of the proper municipal authorities to the judgment of courts and juries. Therefore, one shows no ground of action whatever when he complains that he has suffered damage because the city he resides in has made insufficient provision for protection against fire, or because cattle are not prohibited from running at large."

2 Dillon, Mun. Corp., § 976, uses this language:

"The exemption from liability in these and the like cases is upon the ground that the service is performed by the corporation in obedience to an act of the legislature; is one in which the corporation, as such, has no particular interest, and from which it derives no special benefit in its corporate capacity; that the members of the fire department, although appointed, employed, and paid by the city corporation, are not the agents and servants of the city, for whose conduct it is liable; but they act rather as officers of the city, charged with a public service, for whose negligence in the discharge of official duty no action lies against the city, without being expressly given; the maxim of *respondeat superior* has, therefore, no application."

5 Thompson, Negligence, at § 5789, says:

"A frequent expression of this doctrine is, that no private action will lie against a municipal corporation for damages sustained in consequence of its neglect to perform a *public* or *governmental duty,* or in consequence of the trespasses or misfeasances of its officers or agents in the performance of such a duty; . . ."

In Current Law, vol. 4, p. 737, the following appears:

"In the extinguishment of fires and in making arrangements therefor, a municipal corporation acts in a governmental capacity, and is not liable for the negligent construction, maintenance or use of its appliances."

The following are a few of the many cases bearing upon the question involved herein: *Hafford v. New Bedford,* 16 Gray 297; *Tindley v. Salem,* 137 Mass. 171, 50 Am. Rep. 289; *Wheeler v. Cincinnati,* 19 Ohio St. 19, 2 Am. Rep. 368; *Jewett v. New Haven,* 38 Conn. 368, 9 Am. Rep. 382; *Mead v. New Haven,* 40 Conn. 72, 16 Am. Rep. 14; *Burrill v. Augusta,* 78 Me. 118, 3 Atl. 177, 57 Am. Rep. 788; *Grube v. St. Paul,* 34 Minn. 402, 26 N. W. 228; *Bryant v. St. Paul,* 33 Minn. 289, 23 N. W. 220, 53 Am. Rep. 31; *Hayes v. Oshosh,* 33 Wis. 314, 14 Am. Rep. 760; *Maxmilian v. New York,* 62 N. Y. 160, 20 Am. Rep. 468; *Ham v. Mayor,* 70 N. Y. 459; *Wilcox v. Chicago,* 107 Ill. 334, 47 Am. Rep. 434; *Welsh v. Rutland,* 56 Vt. 228, 48 Am. Rep. 762; *Fisher v. Boston,* 104 Mass. 87, 6 Am. Rep. 196; *Curran v. Boston,* 151 Mass. 505, 24 N. E. 781, 21 Am. St. 465, 8 L. R. A. 243; *Robinson v. Evansville,* 87 Ind. 334, 44 Am. Rep. 770; *Rivers v. City Council,* 65 Ga. 376, 38 Am. Rep. 787; *Hart v. Bridgeport,* 13 Blatchford 289; *White v. Yazoo,* 27 Miss. 357; *Richmond v. Long's Admr's,* 17 Grat. 375, 94 Am. Dec. 461; *Eastman v. Meredith,* 36 N. H. 284, 72 Am. Dec. 302; *Hunt v. Boonville,* 65 Mo. 620, 27 Am. Rep. 299; *Sherbourne v. Yuba County,* 21 Cal. 113, 81 Am. Dec. 151; *McCrowell v. Mayor,* 5 Lea (Tenn.) 685; *Kansas City v. Lemen,* 57 Fed. 905; *Cooley v. Freeholders*

*of Essex,* 27 N. J. L. 415 ; *Condict v. Jersey City,* 46 N. J. L. 157; *Nicholson v. Detroit,* 129 Mich. 246, 88 N. W. 695, 56 L. R. A. 601; *Ogg v. Lansing,* 35 Iowa 495, 14 Am. Rep. 499; *Edgerly v. Concord,* 59 N. H. 78.

In *Lawson v. Seattle, supra,* this court, *inter alia,* said: "It is a well known fact that the apparatus used by the fire company is not under control of the city, but is under the special control and inspection of the fire company." If this be a correct proposition, it would seem to irresistibly follow that the horse involved in this case was not under the control of the city. Ordinarily, an action for damages caused by a trespassing animal must be maintained against the person having the custody and control of said animal. As a rule, the owner is not liable where the custody and control is at the time in some one else. Cooley, Torts (2d ed.), p. 401; Ingham, Animals, p. 234; *Reddick v. Newburn,* 76 Mo. 423; *Ozburn v. Adams,* 70 Ill. 291. It is, however, not necessary to base our decision upon this ground.

It is a hardship for respondent to be denied damages in this case. His would seem to be one of a class and character of injuries for which the legislature might properly permit recovery against the municipality. But until the lawmaking body makes provision therefor, we are without authority to award a judgment for damages in such a case. Courts must follow the law as they find it.

The decision heretofore announced will not be disturbed.

Mount, C. J., Hadley, and Crow, JJ., concur.

Dunbar, Fullerton, and Rudkin, JJ., dissent.