[No. 13694.  Department Two.  February 2, 1917.]

THE STATE OF WASHINGTON, *on the Relation of Stephen Fletcher et al., Respondents*, v. HARRY W. CARROLL, *Comptroller, etc., Appellant.*[1]

MASTER AND SERVANT — WORKMEN'S COMPENSATION — MUNICIPAL EMPLOYEE—STATUTES—CONSTRUCTION.   In view of the primary purpose of the workmen's compensation act to abolish all civil actions for personal injuries sustained in extra hazardous occupations and substitute therefor industrial insurance, the clause of the workmen's compensation act, Rem. Code, § 6604-17, which provides that so long as by state law, city charter, and municipal ordinances, provision is made for municipal employees engaged in the course of their employment, such employees shall not be entitled to the benefits of the workmen's compensation act, was not intended to allow such city employees to prosecute civil actions for damages, but rather to relegate them to the provisions made for them by the city, leaving in force the provisions of the act abolishing common law remedies.

CONSTITUTIONAL LAW—EQUAL PROTECTION OF THE LAWS—WORKMEN'S COMPENSATION ACT—ABOLITION OF CIVIL REMEDIES—POWERS OF CITY.   It is not a denial of the equal protection of the laws to abolish civil actions for personal injuries sustained by city employees in the course of their employment and relegate them to provisions made for them by the city, although the different cities of the state may make different provisions, so long as the provisions made are substantial and not merely nominal; the Federal and state constitutions as to equal protection of the laws requiring only that the laws be general in their application within the territory in which they operate.

MUNICIPAL CORPORATIONS — POWERS — COMPROMISE OF INVALID CLAIMS.   Where the state has abolished civil actions for personal in-

[1]Reported in 162 Pac. 593.

juries by city employees in the course of their employment and rele-
gated them to the provisions made for them by the city, the city
council has no power to compromise civil actions brought for such
damages but their power is as defined and limited in the statutes
and charter.

Appeal from a judgment of the superior court for King
county, Jurey, J., entered August 16, 1916, in favor of the
plaintiffs, in consolidated actions for writs of mandamus to
compel the issuance of city warrants upon allowed claims,
after a trial on the merits to the court.   Reversed.

*Hugh M. Caldwell, Walter F. Meier,* and *J. A. Newton,*
for appellant.

*E. L. Skeel, W. M. Whitney, Elias A. Wright* and *Sam A.
Wright (J. J. Geary,* of counsel), for respondents.

FULLERTON, J.—On October 27, 1915, and for some years
prior thereto, the respondents, Stephen Fletcher and Josiah
E. Rhoads, were employed in the lighting department of the
city of Seattle as lineman's helpers, subject to the civil service
rules of the city.   On the day named, the respondents were
engaged, under the direction of a foreman appointed by the
city to superintend the work, in stretching a wire from the
city's electric supply line to the dwelling house of a resident
of the city.   In the prosecution of the work it was necessary
to pass the wire underneath and near a supply line of the
Seattle Electric Company.   Through some means the wire
came in contact with the electric company's line, suffering the
current which the supply wire was carrying to pass through
the wire while the respondents had hold of it.   The result
was severe burns and injuries to the respondents, the one
losing a leg and the other an arm by reason thereof.

The respondents conceived that their injuries were caused
because of the fault and negligence of the city and its su-
perior agents and servants; that the city was liable in dam-
ages therefor; and severally presented claims against the
city for damages, under the laws applicable in such cases, the

respondent Fletcher claiming damages in the sum of $25,000, and the respondent Rhoads claiming damages in the sum of $20,000. After the presentation of the claims to the city, the city council referred them to its finance committee. This committee, after investigation, recommended that the claimants be allowed the sum of $3,500 in full settlement; and after the respondents had signified their willingness to accept the sums on the conditions imposed, ordinances were introduced and passed directing the city comptroller to draw warrants to the claimants on the city's light fund for the respective amounts, upon their filing releases of further claims satisfactory to the legal department of the city. These ordinances were vetoed by the mayor of the city and returned to the city council with the reasons for such vetoes. The city council thereupon passed the same over the vetoes, the requisite number of councilmen required by the city charter voting therefor.

Upon demand being made on the city comptroller by the respective respondents for warrants in accordance with the ordinances, that officer, acting on the advice of the legal department of the city, refused to issue the same; whereupon proceedings in mandamus were begun in the superior court of King county by the respondents to enforce their issuance. Issues were framed which suggested the contentions of the several parties, and the proceedings consolidated and tried as one proceeding. The trial court directed the issuance of a writ of mandate, and from its judgment and order, the comptroller appeals.

Among the several affirmative defenses set forth by the city comptroller, was a defense founded upon a provision of the city charter and the workmen's compensation act. (Rem. Code, § 6604-1 et seq.) It was contended that these afforded the sole and only remedy against the city by a civil service employee who was injured while in the discharge of his duty, and that such remedy did not justify the payment of a lump sum to the employee, such as was attempted by the city council in the present instance. The respondents, however, con-

tended, and the trial court held, that the workmen's compensation act was not applicable to the situation; that the provision of the city charter must be considered as standing alone and without regard to the act mentioned, and that the remedy afforded by the charter was merely cumulative of the remedy afforded by a common law action in damages; further holding that, since the remedies were cumulative, the injured employee had a right of election between the two; that, having elected to pursue the remedy of an action in damages, the city council had the right to settle and compromise their claims, and that the method pursued by that body was, in substance and effect, a settlement and compromise of such claims.

The section of the city charter is found in the article thereof relating to the civil service department, and reads as follows:

"Any person in the service of the city under civil service appointment who shall be disabled in the discharge of his duties, shall receive full pay during such disability not to exceed thirty days, and half pay not to exceed six months, or who shall be permanently injured or disabled while in the line of duty, shall receive pay while such disability continues, to be fixed by the city council, not exceeding twenty per cent of the pay received by such person at the time of injury. The commission shall prescribe such rules as may be necessary for carrying out the purposes of this section, and may provide a suitable medal of honor for distinguished bravery or service while in the line of duty." Seattle Charter, art. 16, § 32.

The workmen's compensation act (Rem. Code, § 6604-1), it will be remembered, by its first section declares that the common law system governing the remedy of workmen against employers for injuries received in hazardous work is inconsistent with modern industrial conditions, is economically unwise and unfair, is uncertain, slow and inadequate, results in large losses to the employers with no corresponding returns to the employees, and is expensive to the state; that

it therefore withdraws all phases of the premises from private controversy, abolishes all civil actions and civil causes of action and the jurisdiction of the courts over such causes, and relegates the parties to the remedies afforded by the act. The seventeenth section makes the act applicable to a municipal corporation whenever it shall engage in any extra hazardous work in which workmen are employed for wages. The concluding clause of the section, however, provides that:

"Whenever and so long as, by state law, city charter or municipal ordinance, provision is made for municipal employees injured in the course of employment, such employees shall not be entitled to the benefits of this act and shall not be included in the pay-roll of the municipality under this act." Rem. Code, § 6604-17.

It was upon this clause that the trial court founded its conclusion that the act was not applicable to the civil service employees of the city of Seattle.

But we think this an erroneous deduction from the language used. The objects and purposes of the workmen's compensation act have been the subject of discussion by us in many of the cases brought to this court touching the various questions arising under the act, and it is not necessary that they again be stated here. It is sufficient to say that the primary of these was to do away with the common law action in damages as a remedy for personal injuries, and substitute therefor a certain and sure award applicable in all cases of injury, regardless of the question of fault and regardless of the will or desires of the parties to the immediate transaction. It may not be improper here to remark, also, that it is believed the effect of the act has been to advance the public weal. Certain it is that it has relieved the courts of the burden and the public the expense of a very unsatisfactory class of actions. No observing person will deny, much less will the judges of trial or appeal courts deny, that the trial of an action for a personal injury is often demoralizing in its effect upon the public conscience.

In no class of actions, not excepting even criminal, is unfair means, false swearing, or perjury so often rampant. This, because, perhaps, of the momentous consequences to the parties involved. On the one side, a failure to recover often means pauperism to the individual injured, the disruption of his family and suffering and want to his wife and innocent children; while a recovery, on the other hand, means the sudden loss of property which may have required years in its accumulation, and often in that other's impoverishment. Remedies which do away with these evils and mete out substantial justice to the parties involved, so far from being lightly overturned by the courts, should be upheld by them to the last extreme of their constitutional power. Having in view the declarations concerning the purposes of the act and the evils it was sought thereby to remedy, we cannot conclude that the legislature meant to subject municipalities, merely because they had themselves made provision for the care of their employees injured while in the course of their employment, to the burdens and hazards of a common law action in damages. We think it was meant, rather, to substitute the remedy afforded by the city for the remedy afforded by the act, and to leave the provisions which take away the common law action in force.

Counsel for the respondents argue, however, that to so construe the statute is to render the particular provision unconstitutional, since it is to deprive the citizen of equal privileges and equal protection of the laws. They say:

"Can it be said that there is equal protection under the law when the right to sue for negligence is abolished and the injured person in one case is given $1,500 by the state, in another case $1,000 by the city of Spokane, in another case $2,000 by the city of Tacoma, and in still another case a monthly pension by the city of Seattle? If the legislature had the power to abolish the remedy for negligence at all, it can only be by a reasonable exercise of the police power. Certainly it is not a reasonable exercise of the police power to, on the one hand, take away the common law remedy for

negligence and on the other hand delegate to a wrongdoer without restriction or limits the right to provide any compensation it deems fit."

But the law itself makes no discrimination in the respect mentioned. On the contrary, it operates alike upon all municipalities throughout the state. It simply provides that, where a municipality has itself made provision for a person injured in a hazardous occupation, the injured person must take under the municipal provision rather than under the provision made by the law itself. It is true that the result may be different recoveries in different municipalities for similar injuries, but that is not to deny to the individual the equal protection of the laws. · In the absence of restrictions contained in the state constitution, the legislature may determine whether particular provisions shall extend to the whole state or be limited in their operation to particular portions of the state. All that the Federal constitution requires is that they shall be general in their application within the territory in which they operate. This statute makes no discrimination within the rule. It operates alike on all persons within the particular municipality, and no provision of the state constitution requires that it shall operate upon all in the same manner.

"The touchstone of the validity of legislation in all cases of this kind seems to be the public welfare. If the classification has a real and substantial relation thereto it is valid, otherwise it is not."

Again, equality of recovery for like or similar injuries is not ·obtainable under the remedies afforded by the common law. One has only to consult our own books to find that recoveries for like injuries, as discordant as those suggested by the respondents, are commonly had in the application of that remedy; and this, too, within the same municipality.

The award provided by the city charter is substantial. It is equivalent to interest at the legal rate on a much larger sum than the respondents offer to take in full satis-

faction of their injuries. It may be that were the award provided by the city merely nominal, the court would, in the interests of justice, allow the injured employee to take under the provisions of the workmen's compensation act—in other words, hold that the municipality had not made provision for the injury—but in view of the substantial nature of the award here provided, and the absence of evidence showing that the city authorities have made or indicated their intention to make merely nominal allowances, the question is not in the present record.

It is contended, also, that the city has authority to settle and compromise these claims, even conceding that the respondents must otherwise take under the provision of the city charter. But with this we cannot agree. The city's power is defined and limited by the statute and charter. It cannot substitute another remedy without an express grant of power to that effect. None is here found.

Our conclusion is that the court erred in granting the writs. The judgment and order is therefore reversed, and the cause remanded with instructions to deny them.

Morris, Mount, and Parker, JJ., concur.