Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MARGARET KRUG, Respondent, for Compensation for Herself and Children for the Death of OSCAR KRUG, v. THE CITY OF NEW YORK, Appellant.

Third Department, March 2, 1921.

Workmen's Compensation Law — " employee " defined — section 3, subdivisions 4 and 5 — city fireman not employee of city and within section 2, group 42, relating to salvage of buildings or contents — group 43 construed.

A uniformed city fireman of the city of New York is not an " employee " of the city within subdivisions 4 and 5 of section 3 of the Workmen's Compensation Law.

A city fire department is not operated for pecuniary gain, and a city fireman, while putting out a fire in the course of his employment as such, is not within group 42 of section 2 of the Workmen's Compensation Law, relating to " salvage of buildings or contents " as hazardous employment.

It seems, that the purpose of group 43 of section 2 of the Workmen's Compensation Law is to bring within the statute the State and municipalities carrying on employments enumerated in previous groups, which are carried on for its own purposes, as distinguished from those operated for the protection of its inhabitants.

APPEAL by the defendant, The City of New York, from an award or decision of the State Industrial Commission, entered in the office of said Commission on the 16th day of July, 1920.

*John P. O'Brien, Corporation Counsel [John F. O'Brien, William A. Walling* and *Isaac F. Cohen* of counsel], for the appellant.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

WOODWARD, J.:

The claimant is the widow of Oscar Krug. The decedent was a uniformed fireman of the city of New York attached to engine No. 7 of the city fire department. On the 3d day of May, 1918, while engaged in helping to extinguish a fire he wrenched his knee. He was treated for rheumatism and worked on and off until the 14th of July, 1919, more than a year after the injury, when he was taken to a hospital and underwent an operation upon his knee. He developed pneumonia, presumably through the operation, and died on the 4th of August, 1919. His widow makes a claim for this death, and while the State Industrial Commission has found that she is not entitled to a present award, because of the fact that she is receiving fifty-eight dollars and thirty-three cents a month as a pension from the city fire department pension fund, there is a determination that if this source fails she is entitled to the compensation, on the theory that decedent was under group 42 of section 2 of the Workmen's Compensation Law, engaged in the " salvage of buildings or contents," while fighting fire for the city of New York.

While the question thus presented upon this appeal may appear somewhat academic, we are in the process of defining and fixing the limitations of a new system, and precedents ought not to be established by the mere lapse of time which are in conflict with the spirit of the law. Section 2 of the Workmen's Compensation Law (as amd. by Laws of 1917, chap. 705) provides that the compensation provided for in this chapter " shall be payable for injuries sustained or death incurred by employees engaged in the following hazardous employments," so that we are to find first that the decedent is an employee within the meaning of the statute, and that he was engaged in one of the " following hazardous employments," before this award can be sustained. An

" employee " means " a person engaged in one of the occupa-
tions enumerated in section two or who is in the service of an
employer whose principal business is that of carrying on or
conducting a hazardous employment upon the premises or
at the plant, or in the course of his employment away from the
plant of his employer " (§ 3, subd. 4, as amd. by Laws of 1917,
chap. 705), and " ' employment ' includes employment only in
a trade, business or occupation carried on by the employer
for pecuniary gain." (§ 3, subd. 5, as amd. by Laws of 1917,
chap. 705.) Of course, assuming that the decedent was engaged
in " salvage of buildings or contents," while engaged in the
effort to extinguish a fire, he was not engaged in an employ-
ment " carried on by the employer for pecuniary gain." The
city of New York was not carrying on this fire extinguishing
business for its own gain, but for the purpose of saving its
inhabitants from loss, just as it maintains a police force, not
for its own profit, but for the protection of those within its
limits from the violence of lawless persons. Group 42 of sec-
tion 2 of the Workmen's Compensation Law (as amd. by
Laws of 1917, chap. 705)* relates to business occupations
carried on for pecuniary gain, and it is within this group that
we find the provision including " salvage of buildings or con-
tents," and then group 43 of section 2 of the act (added by
Laws of 1916, chap. 622, as amd. by Laws of 1917, chap. 705)
continues, "Any employment enumerated in the foregoing
groups and carried on by the State or a municipal corporation
or other subdivision thereof, notwithstanding the definition of
the term ' employment ' in subdivision five of section three of
this chapter."

It is not entirely clear just what is meant by this 43d group,
which is clearly not a group at all, but an amplification to
bring within the law the State and municipalities carrying on
employments enumerated in the previous groups. It would
have a legitimate use if limited to such employments as the
city carried on for its own purposes, as distinguished from those
of its inhabitants. For instance, where the city owns and
operates its water supply system it is carrying on a business
as distinguished from a governmental or charitable purpose,

---

* Since amd. by Laws of 1918, chap. 634.— [REP.

such as involved in the maintenance of a police or fire department or a public hospital, and it would be in a sense conducting the water plant for pecuniary gain, but it is an abuse of language to say that a fireman engaged in extinguishing a fire is employed in salvaging buildings or their contents. The service he is performing for the city is governmental in its character; it is for the general welfare — an exercise of the police power. The city, as such, has no interest in the property; whether much or little is saved, it concerns the individual owner and the insurance companies, not the city in its corporate capacity, and it is not within the spirit of the act to charge the municipality for the death, because there is no business of the employer which may be legitimately charged with the expense. The amendment of the Constitution upon which this class legislation depends expressly authorizes the enactment of the statute, "*provided* that all moneys paid by an employer to his employees or their legal representatives, by reason of the enactment of any of the laws herein authorized, shall be held to be a proper charge in the cost of operating the business of the employer." (State Const. art. 1, § 19.) Where there is no business upon which the compensation can become a charge; where there is no opportunity to charge the accidents of the business to the product and thus distribute the burden over the field of consumption, there is no warrant for the legislation. The rule is well established that a proviso, such as is contained in the constitutional provision above quoted, is in deeds and statutes a limitation or exception to the grant made or authority conferred, the effect of which is to declare that the one shall not operate, or the other be exercised, unless in the case provided. (23 Am. & Eng. Ency. of Law [2d ed.], 292; *Austin* v. *United States*, 155 U. S. 417, 431, and authorities there cited.) In *Ives* v. *South Buffalo R. Co.* (201 N. Y. 271) the original Workmen's Compensation Law (Laws of 1910, chap. 674, adding to Labor Law, art. 14-a) was held void as conflicting with the requirements of due process of law, and the Constitution was amended as above to obviate the objection; but under well established rules of interpretation it is not to be extended beyond its language and clearly expressed purposes; and these are confined to employees and employers in the ordinary sense of these words, and are limited

by the proviso to those who are carrying on business of such a character that all moneys paid by an employer to his employees " shall be held to be a proper charge in the cost of operating the business of the employer," and this obviously excludes all provisions for compensating those who are employed in the discharge of governmental functions. The court in the *Ives Case (supra)* quotes from the report of the Commission which created this act, to the effect that the evils supposed to exist can be " best avoided by compelling the employer to share the accident burden in intrinsically dangerous trades, since by fixing the price of his product the shock of the accident may be borne by the community." It was the industrial, the essentially dangerous, trades which were to be placed under the provisions of the law, and the Constitution was amended to permit of this, not to extend the operation to public officers.

We are clearly of the opinion that the decedent was not an employee within the meaning of the statute. The word is defined by the Century Dictionary, cited with approval in *Palmer* v. *Van Santvoord* (153 N. Y. 612, 614) as " one who works for an employer; a person working for salary or wages; applied to any one so working, but usually only to clerks, workmen, laborers, etc., and but rarely to the higher officers of a corporation or government, or to domestic servants," and with all the agitation which preceded the enactment of this statute it cannot be presumed that the Legislature or the people in amending the Constitution used the words in any broader sense than that indicated. Nor can we subscribe to the theory that a fireman in performing a public service is engaged in salvaging buildings or their contents. He is performing a police service for the State, operating for the benefit of the owner of the property, and not in the carrying on of the business of salvaging buildings or property.

The award should be reversed and the claim dismissed.

All concur.

Award reversed and claim dismissed.