[No. 18017.   Department Two.   August 27, 1923.]

RICHARD JOHNSON, *Respondent*, v. H. M. PEASE *et al.*, *Appellants*.[1]

MASTER AND SERVANT (121-2)—REMEDIES UNDER WORKMEN'S COMPENSATION ACT—INJURY TO CITY EMPLOYEE—ELECTION OF REMEDIES. A city fireman, being a public officer engaged in a governmental duty, and outside the rule of liability governing master and servant, does not come within the industrial insurance act covering injuries to employees injured in extra hazardous work, and may, therefore, maintain an action against a third person injuring him while engaged in the performance of his duties.

MUNICIPAL CORPORATIONS (86)—OFFICERS — FIREMAN — PENSIONS AND BENEFIT FUND. Compensation to a city fireman under the fireman's pension fund does not bar or affect his recovery against a third person for personal injuries sustained through such third person's negligence.

Appeal from a judgment of the superior court for King county, Frater, J., entered January 10, 1923, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*J. Speed Smith* and *Henry Elliott, Jr.,* for appellants.

*Elias A. Wright* and *Sam A. Wright,* for respondent.

PEMBERTON, J.—Respondent recovered damages for personal injuries resulting from the negligence of appellants in the operation of their automobile.

[1]Reported in 217 Pac. 1005.

As an affirmative defense to the complaint of respondent, the answer of appellant set forth the following:

"I. That the plaintiff, at the time said accident occurred, was a fireman in the employ of the fire department of the said city of Seattle, and was engaged in the performance of his duties as such fireman, when said accident occurred and his alleged injuries received.

"II. That the work in which the plaintiff was engaged at the time said accident occurred and his alleged injuries were received, was extra-hazardous and within the terms and purview of the industrial insurance act of the state of Washington.

"III. That pursuant to the statutes of the state of Washington the city of Seattle maintains a firemen's relief and pension fund consisting of bequests, fees, gifts, emoluments or donations and assessments or fees paid by members of said fire department, and revenue appropriated by the city council of said city of Seattle, out of which firemen injured in the course of their employment are entitled to receive and are paid accident and sick benefits and are provided with hospital and medical care during disability resulting from sickness or accident.

"IV. That immediately following said accident the plaintiff was provided with hospital and medical care and attention by said firemen's relief and pension fund and thereafter filed his claim with said firemen's relief and pension fund, for benefits during the disability resulting from said alleged injuries, and that he has been paid to date benefits from said pension and relief fund amounting to one hundred twenty-eight and 05/100 ($128.05) dollars and is entitled to receive and will receive from said fund the additional benefits during the continuance of said disability, as provided by said statutes and the regulation of said fund.

"V. That said relief and benefits were paid to the plaintiff and received by him in lieu of the compensation to which he would have been entitled under the industrial insurance act of the state of Washington,

and that said act is a bar to the maintenance of this action."

It is admitted that, at the time of the accident complained of, respondent was a member of the fire department of the city of Seattle, and was riding on a motor vehicle of the fire department on its way to put out a fire.

The appellants present six assignments of error, and in their brief state:

"Each of the foregoing assigned errors is based upon the same ground, to wit: the validity of the affirmative defense asserted by the appellants. It is contended by the appellants, first,—that they were entitled to judgment as a matter of law because the respondent's action is barred by the industrial insurance act, and, second,—that the court erred in refusing to admit the testimony of the appellants in support of their affirmative defense, and by instructing the jury to disregard said defense thereby entitling the appellants to a new trial."

It is contended by appellants that respondent was engaged in an extra-hazardous occupation defined by the legislature in the industrial insurance act of 1911; Laws of 1911, pp. 345, 346 (§§ 6604-1, 6604-2, Rem. 1915 Code; Rem. Comp. Stat., §§ 7673, 7674) and that respondent comes within § 6604-17, Rem. 1915 Code, which reads as follows:

"Whenever the state, county or any municipal corporation . . . shall engage in any extra-hazardous work in which workmen are employed for wages, this act shall be applicable thereto. . . . Whenever and so long as, by state law, city charter or municipal ordinance, provision is made for municipal employees injured in the course of employment, such employees shall not be entitled to the benefits of this act and shall not be included in the pay-roll of the municipality under this act." [Rem. Comp. Stat., § 7692.]

Appellants claim that, since the legislature of this state passed an act creating a firemen's relief and pension fund (Laws of 1919, p. 668; Rem. Comp. Stat., § 1466), and respondent received compensation from this firemen's relief and pension fund, this compensation was given in lieu of the compensation provided under the industrial insurance act, and that all the provisions of the industrial insurance act, including ·those of abolishing respondent's common law action for damages, are in full force and effect. In support of this contention, appellants call our attention to the case of *State ex rel. Fletcher v. Carroll,* 94 Wash. 531, 162 Pac. 593, in which we said:

"Having in view the declarations concerning the purposes of the act and the evils it was sought thereby to remedy, we cannot conclude that the legislature meant to subject municipalities, merely because they had themselves made provision for the care of their employees injured while in the course of their employment, to the burdens and hazards of a common law action in damages. We think it was meant, rather, to substitute the remedy afforded by the city for the remedy afforded by the act, and to leave the provisions which take away the common law action in force."

Appellants also contend that the acceptance of compensation from the state bars the right of action for damages against the injured workman's employer and also against the alleged negligence of a third person. *Peet v. Mills,* 76 Wash. 437, 136 Pac. 685, Ann. Cas. 1915D 154, L. R. A. 1916A 358; *Ross v. Erickson Construction Co.,* 89 Wash. 634, 155 Pac. 153, L. R. A. 1916F 319; *Zenor v. Spokane & I. E. R. Co.,* 109 Wash. 471, 186 Pac. 849; *Perry v. Beverage,* 121 Wash. 652, 664, 214 Pac 146.

Respondent contends that the injured employee in the case of *Fletcher v. Carroll, supra,* was an employee engaged in a commercial enterprise or undertaking for

the city as his employer, while in the case at bar respondent, being a member of the fire department, was exercising a governmental function only. *Cunningham v. Seattle,* 40 Wash. 59, 82 Pac. 143, 4 L. R. A. (N. S.) 629; *Cunningham v. Seattle,* 42 Wash. 134, 84 Pac. 641, 7 Ann. Cas. 805; *Lynch v. North Yakima,* 37 Wash. 657, 80 Pac. 79, 12 L. R. A. (N. S.) 261.

A city fireman, instead of being considered an employee of a city, is in fact a public officer and engaged in a governmental duty. We held in *Lynch v. North Yakima, supra,* that a city though negligent is not liable to a teamster in its fire department and said:

"But it may generally be accepted that a city is not liable for an improper discharge by its officers of a purely governmental function. The duties of an officer or employee of a fire department are regarded as for the benefit of the community, and not for the mere advantage of the municipality as a corporate body. The city, possessing, as it does, a portion of the sovereignty of the state, in the exercise thereof provides and maintains a fire department. The services of this department are for the benefit of all persons who may have property in the city limits capable of injury by fire. It would seem, therefore, that in creating, maintaining, and operating the fire department, the city was exercising governmental functions. This seems to have been the view entertained by the courts that have considered this subject. In the case at bar the respondent had provided, and was maintaining, a fire department. The horses, engines, and apparatus were under the charge of a fire chief. In view of these facts, and in view of the character of the employment in which appellant was engaged, it impresses us as a case where the circumstances of his injury occasion no liability upon the part of the city."

*Schmitt v. Dooling,* 145 Ky. 240, 140 S. W. 197, Ann. Cas. 1913B 1078, 36 L. R. A. (N. S.) 881; *McDonald v. City of New Haven,* 94 Conn. 403, 109 Atl. 176.

We find that the firemen's relief and pension fund law was first passed in 1909 (ch. 50, p. 88, Laws of 1909) before the passage of the industrial insurance act of 1911 (Laws of 1911, p. 345 *et seq;* Rem. Comp. Stat., § 7673 *et seq.*). The reason for the passage of the industrial insurance law is made clear in § 1 of the declaration of police power (Laws of 1911, p. 345) reading as follows:

"The common law system governing the remedy of workmen against employers for injuries received in hazardous work is inconsistent with modern industrial conditions. In practice it proves to be economically unwise and unfair. . . . The State of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen, injured in extrahazardous work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this act; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided." (Rem. Comp. Stat., § 7673).

This law was dealing with the relationship of workmen and their employers, and the remedy for disputes resulting from such relationship prior to the passage of the law was through private controversy. At the time of the passage of the law, a fireman had no remedy against the municipality and is not mentioned in any of the provisions of the law.

Not being within the provisions of the industrial insurance act, respondent has his common law action against appellants, and the fact that he has received some compensation under the firemen's relief and

pension fund does not affect his right to recover, any more than if he were to receive payment upon an accident or insurance policy for such injuries.

The judgment is affirmed.

MAIN, C. J., FULLERTON, PARKER, and TOLMAN, JJ., concur.