LANNON *v.* HALL.

1. APPEAL AND ERROR—LEAVE TO APPEAL—QUESTIONS REVIEWABLE.
    Plaintiff's objections to granting defendant leave to appeal from issuance of writ of mandamus may not be urged again in brief on appeal after such leave has been granted.

2. TOWNSHIPS—MEMBERS OF FIRE DEPARTMENTS.
    Members of municipal fire department, whether war veterans or not are, in all instances, employees (1 Comp. Laws 1929, § 900 *et seq.,* as amended by Acts Nos. 66, 67, Pub. Acts 1931; 2 Comp. Laws 1929, § 8413, as amended by Act No. 58, Pub. Acts 1931).

3. SAME—WAR VETERANS—DISCHARGE—REINSTATEMENT.
    If a war veteran is wrongfully discharged from public employment, speedy reinstatement should be sought (1 Comp. Laws 1929, § 900 *et seq.,* as amended by Acts Nos. 66, 67, Pub. Acts 1931).

4. SAME—WAR VETERANS—COMPENSATION.
    War veteran who was wrongfully discharged from employment as paid fireman of township fire department and later reinstated by order of court *held,* not entitled to pay during period he performed no service (1 Comp. Laws 1929, § 900 *et seq.,* as amended by Acts Nos. 66, 67, Pub. Acts 1931).

Appeal from Oakland; Doty (Frank L.), J. Submitted December 31, 1935. (Calendar No. 38,603.) Decided June 16, 1936. Rehearing denied September 2, 1936.

Mandamus by Harold Lannon against Floyd H. Hall, supervisor of Royal Oak township, and others to compel his reinstatement as member of fire department and for other relief. Writ granted. Defendants appeal and plaintiff cross-appeals from order requiring payment. Reversed.

*John H. Flancher,* for plaintiff.

*Sherman McDonald,* for defendants.

WIEST, J. The township of Royal Oak, Oakland county, maintains a paid fire department. Plaintiff, a veteran of the World War, and member of such fire department, under fixed monthly pay, was discharged and, by writ of mandamus, ordered reinstated and to be paid during the period he was illegally removed, less his earnings elsewhere. Both parties have appealed; defendant from the order to pay and plaintiff from the deduction in pay.

Defendant applied to this court for leave to appeal and, over objections filed by plaintiff, such leave was granted. In the brief plaintiff again urges the objections. This may not be done.

The parties have stipulated that plaintiff was discharged on May 28, 1934, to be effective June 1, 1934, was paid to June 15, 1934; his pay as fireman was $144 per month; during his suspension he earned, from other sources, $236, and that his pay as fireman from June 15, 1934, to the date of reinstatement on June 17, 1935, without deduction, amounts to $1,737.20.

The court below found that plaintiff's discharge was in violation of the veterans' preference act, 1 Comp. Laws 1929, § 900 *et seq.,* as amended by Acts No. 66 and 67, Pub. Acts 1931.

Was plaintiff an employee? In the absence of legislative classification as employees some authorities consider members of a municipal fire department public officers. See *Johnson* v. *Pease,* 126 Wash. 163 (217 Pac. 1005); *Krug* v. *City of New York,* 196 App. Div. 226 (186 N. Y. Supp. 727).

In this State the legislature has classified members of municipal fire departments as employees

and, as such, entitled to the benefits of the workmen's compensation act for injuries arising out of and in the course of such employment and, in case of volunteer firemen, has fixed a method of computing compensation.

Act No. 58, Pub. Acts 1931, amending 2 Comp. Laws 1929, § 8413, provides:

"The term 'employee' as used in this act shall be construed to mean:

"Every person in the service of the State, or of any county, city, township, incorporated village or school district therein, under any appointment, or contract of hire, express or implied, oral or written, except any official of the State, or of any county, city, township, incorporated village or school district therein, elected at the polls: * * * *Provided further,* That members of a volunteer fire department of any city, village or township shall be deemed to be employees of such city, village or township, and entitled to all the benefits of this act when injured in the performance of their duties as members of such volunteer fire department: *Provided further,* That said volunteer firemen shall, for the purpose of this act, be deemed and assumed to be receiving the sum of twenty-seven dollars per week as wages from said village, city or township."

See, also, the original act (Act No. 10, Pub. Acts 1912 [1st Ex. Sess.]) * and the amendments Act No. 64, Pub. Acts 1919; Act No. 173, Pub. Acts 1921; Act No. 162, Pub. Acts 1927; Act No. 113, Pub. Acts 1929.

On the general subject of the status of firemen under the workmen's compensation act, see *McNally* v. *City of Saginaw,* 197 Mich. 106; *Walker* v. *City of Port Huron,* 216 Mich. 361; *Carothers* v. *City of Stanton,* 257 Mich. 107; *Bross* v. *City of Detroit,* 262 Mich. 447.

---

* See 2 Comp. Laws 1915, § 5429.—Reporter.

Under such legislative classification members of a municipal fire department, whether veterans or nonveterans, are, in all instances, employees.

If a veteran is wrongfully discharged speedy reinstatement should be sought.

It follows that plaintiff is not entitled to have pay during the period he performed no service and the order appealed from is reversed, with costs to defendant.

See *McClain* v. *Township of Royal Oak, ante,* 185.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.