[No. 33157. Department One. September 1, 1955.]

MOLLY LAKODUK, as *Administratrix, Appellant*, v. MELVIN G. CRUGER *et al., Defendants*, THE CITY OF SPOKANE, *Respondent.*

MOLLY LAKODUK, *Appellant*, v. MELVIN G. CRUGER *et al., Defendants*, THE CITY OF SPOKANE, *Respondent.*

EVELYN M. MILLER, as *Administratrix, Appellant*, v. MELVIN G. CRUGER, *et al., Defendants*, THE CITY OF SPOKANE, *Respondent.*[1]

[1] Reported in 287 P. (2d) 338.

*Tonkoff, Holst & Hopp* and *Ned W. Kimball,* for appellants.

*G. M. Ferris, B. A. Farley,* and *Paul F. Schiffner,* for respondent.

OTT, J.—February 2, 1953, Peter J. Lakoduk was driving his truck in a northerly direction on Division street in the city of Spokane. His daughter and one other passenger were riding in the truck. The intersection of Division street and Wellesley avenue contained a traffic control signal light, which met the requirements established by RCW 46.60.230. A fire truck owned and operated by the city of Spokane was proceeding along Wellesley avenue in an easterly direction, and entered this intersection against the red light. Mr. Lakoduk simultaneously entered the intersection, having the green light in his favor on Division street. The two vehicles collided in the intersection, resulting in the death of all three occupants of the truck driven by Mr. Lakoduk. At the time of the collision, the fire truck was responding to a call to extricate a child from a locked bathroom.

Molly Lakoduk, widow of Peter J. Lakoduk, as administratrix of his estate, brought this wrongful death action against the city of Spokane and two of its employees. Similar actions were commenced for the wrongful deaths of the other decedents.

The amended complaints alleged negligence on the part of the city of Spokane, both in the operation of the fire truck at the time of the collision, and in failing to arrange for the traffic signal at this intersection to turn red toward all traffic when the fire truck was approaching it.

The defendant city of Spokane demurred to the amended complaints upon the ground that they did not state a cause of action. The hearings on the demurrers in the three causes were consolidated. The trial court sustained the demurrers and entered judgments of dismissal as to the city of Spokane.

From the judgments of dismissal, each of the plaintiffs has appealed, and the causes have been consolidated here.

Appellants contend that the trial court erred (1) in holding that the operation of a fire truck which was traveling to a private residence to release a child from a locked bathroom, was the performance of a governmental function, (2) in holding that the city, in the operation of its traffic control signal, was acting in a governmental capacity and was, therefore, immune from liability for negligence, and (3) in failing to hold the city liable for the reason that the operation of the traffic control signal by the city constituted a trap or nuisance.

■ Well-pleaded facts alleged in a complaint, together with reasonable inferences therefrom, are admitted by the demurrer to be true. *Chandler v. Doran Co.,* 44 Wn. (2d) 396, 402, 267 P. (2d) 907 (1954), and cases cited.

■ Likewise, it is the established rule in this state that a municipality performing a governmental function, as distinguished from a proprietary function, is immune from liability due to the negligence of its officers and employees. *Hagerman v. Seattle,* 189 Wash. 694, 66 P. (2d) 1152, 110 A. L. R. 1110 (1937), and cases and texts cited; *Crowley v. Raymond,* 198 Wash. 432, 436, 88 P. (2d) 858 (1939), and case cited; *Kilbourn v. Seattle,* 43 Wn. (2d) 373, 261 P. (2d) 407 (1953), and cases cited; *Bradshaw v. Seattle,* 43 Wn. (2d) 766, 773, 264 P. (2d) 265 (1953), and cases cited.

In order to sustain appellants' first assignment of error, we must find that the respondent, in the operation of its fire truck at the time and place in question, was performing a proprietary rather than a governmental function.

■ In *Hagerman v. Seattle, supra,* this court distinguished the two functions as follows [p. 701]:

"The underlying test in distinguishing governmental functions from corporate [proprietary] functions . . . is

. . . whether the act performed is for the common good of all, that is, for the public, or whether it is for the special benefit or profit of the corporate entity."

Is, then, a fireman, in the performance of his normal duties, acting in a governmental or proprietary capacity? The function being performed in the instant case was not that of responding to a call to extinguish a fire. However, it was a function which, because of the available equipment of the fire department and the special training of the firemen in the performance of first-aid duties, was reasonably incident and appropriate to, and a part of, the duties of a fire depart-· ment. *Hagerman v. Seattle, supra.*

In *Lynch v. North Yakima,* 37 Wash. 657, 662, 80 Pac. 79 (1905), this court held that, "in creating, maintaining, and operating the fire department, the city was exercising governmental functions." Also, in *Johnson v. Pease,* 126 Wash. 163, 167, 217 Pac. 1005 (1923), we held that "A city fireman, instead of being considered an employee of a city, is in fact a public officer and engaged in a governmental duty." See, also, *State ex rel. Knez v. Seattle,* 176 Wash. 283, 287, 28 P. (2d) 1020, 33 P. (2d) 905 (1934), and *Christie v. Port of Olympia,* 27 Wn. (2d) 534, 548, 179 P. (2d) 294 (1947), and cases cited.

Applying the test announced in the *Hagerman* case, *supra,* to the facts in this case, we must conclude that the respondent was performing an act for the "common good of all," and not for the "benefit or profit of the corporate [municipal] entity." The respondent, as a municipal corporation, was engaged in the performance of a governmental function and is not liable for the negligence, if any, of its officers and employees when, as in this case, they are engaged in the performance of such a function.

Appellants rely upon RCW 46.08.050 [*cf.* Rem. Supp. 1947, § 6360-5] to further support their first assignment of error. This statute exempts authorized emergency vehicles from the provisions of the traffic code when responding to an emergency call. Appellants contend that respondent's fire truck was not responding to an emergency call at the time of

the collision and that, hence, running through a red light constituted negligence *per se.*

■ Whether respondent's employees were negligent *per se* is immaterial, in view of the rules above announced. When a governmental function is being performed, a municipality is immune from liability irrespective of the conduct of its employees.

We find no merit in appellants' first assignment of error.

■ The test announced in the *Hagerman* case, *supra,* applies in considering appellants' second assignment of error. The respondent in regulating and maintaining its traffic control signals, is performing an act for the "common good of all," and not for the "benefit or profit of the corporate entity."

In *Phinney v. Seattle,* 34 Wn. (2d) 330, 332, 208 P. (2d) 879 (1949), we said:

"In the absence of a statute, a city would not be obligated to post or maintain any stop signs at street intersections, but if it does so of its own accord, it performs a governmental function under its police power."

Also, in *Bradshaw v. Seattle, supra,* at p. 773, it is stated that

". . . in the ownership, control, and supervision of its streets, a municipality acts in its governmental and not its proprietary capacity. Thus, the erection of traffic signs is a governmental function."

We therefore hold that the operation of the traffic control signal, under the facts of this case, was a governmental function.

Appellants' second assignment of error is without merit.

■ As to appellants' third assignment of error, we conclude that the operation by respondent of the traffic control signal at the intersection in question, did not constitute a trap or nuisance. The legislature has defined nuisance as follows:

"Nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission . . . injures, or endangers the . . . safety of others; . . ." RCW 7.48.120 [*cf.* Rem. Rev. Stat., § 9914].

The respondent had no duty to install traffic control signal lights. There is no allegation in the amended complaints of a statute which requires such installation. When signal lights are installed by a municipality, they must meet state requirements as set forth in RCW 46.60.230. The traffic signal installed at the intersection in question, at the time of the accident, admittedly met these requirements. The respondent's acts did not constitute a nuisance, as there was no unlawful act, nor was there a failure to perform a duty. Hence, actionable nuisance was not established by the pleadings.

The judgments of dismissal are affirmed.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and WEAVER, JJ., concur.

[1] Reported in 287 P. (2d) 334.